IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

FILED

DISTRICT COURT OF GUAM

SEP -7 2005

MARY L.M. MORAN
CLERK OF COURT

UNITED STATES OF AMERICA,       ]
                                ]
            Petitioner,          ]
                                ]
                                ]
v.                              ]      Case No. CR-89-00104
                                ]
                                ]
JOHN G. MANIBUSAN,              ]
                                ]
            Defendant,           ]
_____]

FILED

DISTRICT COURT OF GUAM

OCT - 3 2005

MARY L.M. MORAN
CLERK OF COURT

DEFENDANT'S MOTION FOR CLARIFICATION
OF SENTENCE AND AMENDMENT OF
WRITTEN JUDGMENT

The Defendant, John G. Manibusan, filing pro se, respect-
fully moves this Honorable Court, pursuant to Fed.R.Crim.P. 36,
to clarify the sentence imposed in this case and to amend the
written judgment and commitment order filed on March 18, 1990,
to conform to the sentence actually imposed, and in support
thereof states the following:

1. On September 13, 1989, this Court conducted a hearing
on an information and waiver of indictment filed on that date,
which charged the Petitioner with the offense of possession
with intent to distribute heroin in early 1987, involving an
amount of less than 100 grams. Ex. A, p. 5, 17-18.

2. At the hearing the Court accepted the Defendant's waiver
of the indictment and stated that if the plea of guilty to the
information was accepted that all counts in Criminal Case 89-50

will be dismissed; and that though charged under the superceding indictment, the Defendant did not enter a plea to those charges, but rather entered a plea of guilty to the charge contained in the information ensuing a waiver of indictment proceeding. Ex. A, p. 12, 22.

3. The Court further found that the Defendant was being convicted and sentenced under the provisions existing before the effective date of the Sentencing Guidelines; and therefore, the provisions of the Sentencing Guidelines will not apply and parole was still available. Ex. A, 5, 15.

4. On March 16, 1990, the Court conducted the sentencing hearing. Ex. B. As in the waiver of indictment and plea hearing, the Court clarified that the offense involved an offense of possession with intent to distribute heroin in early 1987, involving an amount of less than 100 grams. Ex. B, p. 3.

5. The Court further found that the Defendant is being sentenced under the provisions existing before the effective date of the Sentencing Guidelines; and therefore, was a parolable sentence. Ex. B, p. 4, 23-24.

6. The Court finally ordered that once the upcoming trial was completed on local charges, regardless of the disposition, that the Defendant was to be turned over to the custody of the U.S. Marshal to serve the sentence imposed by the Court. Ex. B, p. 24-25. The Court's order to be turned over to the U.S. Marshal

upon completion of the trial was not obeyed, which caused the Defendant prejudice in that he was not considered for parole under his Guam sentence.

7.  On April 12, 1990, a motion was filed and an order entered dismissing all counts in CR-90-00050 against the Defendant, John G. Manibusan. Ex. E.

8.  On June 8, 2005, the Defendant sought proper execution of the Court's Judgment and Commitment Order of March 16, 1990, by accrediting time spent awaiting transportation to the federal facility to serve the federal sentence, by being considered for parole, and by having the request for parole consideration analyzed as if the U.S. Marshal had obeyed the directives of this Court. Ex. D.

9.  On August 12, 2005, the Bureau of Prisons denied the Request for Administrative Remedy based on its perception that the date of the offense was March 30, 1988. Id. at p. 3. However, the PSI Report on p.p. 5-6 merely described an offense that was included as an overt act in the dismissed count. It does not establish the date of the offense pled to pursuant to the information as March 30, 1988. Ex. F.

10.  Fed.R.Crim.P. 36 and 35 (under pre-guidelines sentences) provides authority for a district court to make a judgment and commitment order conform to the sentence pronounced orally. Cook v. United States, 426 F.2d 1358, 1360 (5th Cir. 1970).

WEREFORE the Defendant respectfully requests that the Court amend the judgment and commitment order, nunc pro tunc, to clarify that the offense of conviction antedated the effective date of the Sentencing Guidelines; and therefore, that the sentence should be parolable and that 18 U.S.C. § 3568 should govern any pre-sentence credit. The Defendant further requests that the Court recommend in the judgment and commitment order that any decisions made with respect to parole and the execution of the judgment be analyzed and made as if the U.S. Marshal had obeyed the directives of the sentencing court.

Dated: ~~August~~ Sep. 24, 2005.

Respectfully Submitted,

John G. Manibusan
Reg. No.: 00488-093
PMB 1000
Talladega, AL 35160-8799

Defendant, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing: Motion for Clarification of Sentence and Amendment of Written Judgment, with Exhibits A through F, by placing it in the institutional legal mail system, with adequate first-class postage affixed, and addressed to:

The Office of the U.S. Attorney
Mr. Frederick A. Black
Fifth Floor, PND Building
238 Archbishop Flores Street
Agana, Guam 96910

this the 24 day of ~~August~~ Sep, 2005.

John G. Manibusan
Defendant, Pro Se

-4-

# INDEX TO EXHIBITS

Excerpts from transcript of
hearing on waiver of indictment,
filing of information and plea
of guilty conducted on September
13, 1989 ................................. Exhibit A

Excerpts from transcript
of sentencing hearing
conducted on March 16, 1990 ................ Exhibit B

Written Judgment and
Commitment Order filed
on March 18, 1990 ......................... Exhibit C

Administrative Remedy
Request and Warden's
Response .................................. Exhibit D

Excerpt from PSI Report
relating to information
relied on by BOP for date
of offense ................................ Exhibit E

Excerpt from docket sheet
showing dismissal of
offense relied on as date of
current offense ........................... Exhibit F

1      Q.   Are you presently on medication?

2      A.   No, Your Honor.

3      Q.   Have you been furnished with a copy of the

4 information containing the charge against you?

5      A.   Yes, Your Honor.

6      Q.   Very well. The charge in the information has

7 to do with a violation of Section 841(a)(1) of Title 21

8 of the United States Code, that is, possession with

9 intent to distribute heroin. And the information

10 charges that on or about early part of 1987, here in

11 Guam, you the defendant did unlawfully, knowingly,

12 willfully and intentionally possessed with intent to

13 distribute less than 100 grams of heroin, which is a

14 Schedule I Narcotic Controlled Substance, and as stated

15 earlier, this is a violation of Title 21 of the United

16 States Code, Section 841(a)(1). Do you understand

17 that?

18      A.   Yes, Your Honor.

19      Q.   This is a felony and as such, you cannot be

20 proceeded against unless there is an indictment filed

21 against you. However, under paragraph 1 of the plea

22 agreement, the original of which has been submitted to

23 the court, paragraph 1 provides that you agree waive

24 indictment by a grand jury and to enter a plea of

25 guilty to the charge contained in the information. And

1    government are free to argue before the court relative

2    to sentencing.  And if your plea of guilty in this case

3    is accepted and you are sentenced on the basis of the

4    charge contained in this information, then all counts

5    in Criminal Case 89-50 against you will be dismissed.

6    You understand that?

7         A.   Yes, Your Honor.

8         Q.   Also paragraph 4, it is your understanding

9    that this plea agreement depends on your full and

10   truthful cooperation, and that should there be any

11   material omission or intentional misstatement, that the

12   government may then move to set aside this plea

13   agreement, to have it declared null and void.

14        And paragraph 5 has to do with the

15   continuation of the sentencing until after the

16   indictment and trial of any associates involved.  And

17   that should there be a continuation of the scheduling

18   of sentencing, that you are waiving whatever rights you

19   may have under the Speedy Sentencing provision of the

20   Speedy Trial Act.  Do you understand that?

21        A.   Yes, Your Honor.

22        Q.   Paragraph 6 has to do with your other

23   constitutional rights, and that will be read by the

24   court later on.

25        Now, you have stated that you have understood

1    A.    Yes, Your Honor.

2    Q.    In other words, this assessment fee is being

3    deferred until a later date.

4          The record will show that the commission of

5    this offense is before the effective date of the

6    Sentencing Guidelines, hence, the provision of the

7    Sentencing Guidelines as promulgated by the United

8    States Sentencing Commission will not apply to this

9    case.

10         The other rights which have been contained in

11   the plea agreement which has not yet been addressed are

12   as follows:

13         First, you have entered a plea of guilty to

14   this charge.  The court will now advise you that you

15   have a right to enter a plea of not guilty.  And if you

16   had entered a plea of not guilty and persisted thereto,

17   you would then have the right to a trial by jury,

18   during which you would also have the right to the

19   assistance of counsel for your defense; the right to

20   see and hear all the witnesses and have them cross-

21   examined in your defense by your counsel here in open

22   court; the right on your own part to decline to

23   testify, that is, you have the right to refuse to

24   testify unless you voluntarily elected to do so in

25   your own defense; you also have the right to the

1    intent to distribute the said substance.

2          Now the phrase "to possess with intent to

3    distribute" simply means to possess with intent to

4    deliver or transfer possession of a controlled

5    substance to another person with or without any

6    financial interest in the transaction.  Those are

7    the essential elements of the offense.

8          Now, you can state to the court the facts and

9    circumstances surrounding the commission of the offense

10   which is alleged to have taken place on or about early

11   1987 here in Guam, or you may defer to the prosecution

12   narrating to the court what the prosecution will

13   present in evidence to the jury if this case should go

14   to trial.  Which is your preference?

15              (Pause while defendant conferred with

16              counsel.)

17        THE DEFENDANT:  Yeah, I defer to the

18   prosecution.

19        THE COURT:  Mr. Black.

20        MR. BLACK:  Yes, Your Honor.  In part, if

21   this case would have gone to trial, part of the

22   evidence would have demonstrated that Joseph Manibusan

23   would get heroin from -- indirectly from Melwert

24   Tmetuchl, and basically when he had this heroin in the

25   house, that he would involve his brothers, in this case

Wanda M. Miles
Official Court Reporter
District Court of Guam
Case 1:89-cr-00104   Document 24   Filed 10/03/2005   Page 9 of 24

EX-A

John Manibusan, to help cut up the heroin, dime it up

2  into bindles or into caps, and that he would also

3  involve his brother John in distribution of some of

4  that heroin.  And that the evidence would show that

5  this happened in early 1987, in the District of Guam,

6  and that John Manibusan knew it was heroin at the time

7  he assisted his brother.

8       THE COURT:  Mr. Manibusan, you have heard the

9  Assistant United States Attorney state to the court

10 what the evidence will be if this case should go to

11 trial.  Do you agree with those facts as so narrated

12 to the court by Mr. Black, or do you take exception or

13 disagree?

14      THE DEFENDANT:  Yes, I agree, Your Honor.

15      THE COURT:  Very well.  Mr. Manibusan, once

16 again, how do you plead to the charge, guilty or not

17 guilty?

18      THE DEFENDANT:  Guilty, Your Honor.

19      THE COURT:  Very well.  The court, being

20 satisfied with the responses given during this hearing,

21 makes the following finding on the record.

22      It is the finding of the court in the case of

23 the United States against John G. Manibusan that the

24 defendant is fully competent and capable of entering

25 an informed plea,  and that the plea of guilty is a

1  in the distribution of heroin on Guam.

2       Then he was also charged under Count 29 which

3  alleged that at various times between and including

4  December of 1986 and 1989 and during the course of the

5  conspiracy to distribute heroin, under Count One of the

6  indictment, that such over act be incorporated in this

7  particular count, that the defendant did carry a

8  firearm to commit the offense of conspiracy to

9  distribute heroin, a felony in violation of Section

10  924(c) of Title 18 of the United States Code.

11       It's true that the defendant, though charged

12  under the superceding indictment, did not enter a plea

13  of guilty to those charges, but rather entered a plea

14  of guilty to a charge contained in the information

15  ensuing a waiver of indictment proceeding, nevertheless

16  the fact remains that this defendant is presently

17  charged with aggravated murder, trial of which is to

18  commence this coming Monday.

19       MR. PHILLIPS:  Yes, Your Honor.

20       THE COURT:  The court has taken everything

21  under consideration, all of the information given to

22  the court, first on the presentence investigation and

23  representations made to this court by both counsel for

24  the government and counsel for the defendant, and

25  taking everything in its totality, this is the sentence

```
1        AGATNA, GUAM; FRIDAY, MARCH 16, 1990; 2:58 P.M.
2                           * * *
3            THE COURT:  Next case.
4            THE CLERK:  If Your Honor please, this is
5    Criminal Case 89-00104, United States of America versus
6    John G. Manibusan, coming up for sentencing.
7            THE COURT:  Are you John G. Manibusan?
8            THE DEFENDANT:  Yes, Your Honor.
9            THE COURT:  Mr. Manibusan, you were a
10   defendant in Criminal Case 89-00050.  Subsequent to
11   your entry of a plea of guilty to the charges filed
12   against you in this superceding indictment back in
13   somewhere 1989, mid-July, there was an information
14   filed in this court and it was filed on September 13,
15   1989, and the information did charge you with the
16   offense of possession with intent to distribute heroin
17   in early 1987, and the amount involved is less than 100
18   grams.  And that on the date the information was filed
19   you entered a plea of guilty to the charge ensuing the
20   waiver of indictment proceeding.  And there was also a
21   plea agreement executed by the United States Attorney,
22   you, and your counsel on September 12, 1989, and under
23   the plea agreement the government is free to recommend
24   any sentence it deems appropriate, and you on your part
25   are free to argue any sentence you feel appropriate.
```

1    Also there's provided in the presentence
2 report -- or plea agreement that if your cooperation
3 is full and truthful, the government will recommend
4 a prison sentence of no more than ten years, and that
5 will be based solely on the extent of your cooperation.
6    The record will show that the defendant is
7 being sentenced under the provisions existing before
8 the effective date of the Sentencing Guidelines as
9 promulgated by the U.S. Sentencing Commission.
10    Ensuing the acceptance of the plea of guilty
11 made by the defendant, the court ordered a presentence
12 investigation to be made, and the report emanating out
13 of said investigation to be made available to the
14 parties for their review.
15    The report has been submitted to the court.
16 And at this time the court will ask the defendant and
17 his counsel whether the presentence report has been
18 made available to them.
19    MR. PHILLIPS:  Yes, Your Honor.
20    THE COURT:  Mr. Black, have you received a
21 copy of the presentence report?
22    MR. BLACK:  Yes, I have, Your Honor.
23    THE COURT:  Mr. Manibusan and Mr. Phillips,
24 have you had the opportunity to review the presentence
25 report?

1    of the court.

2          And the record will once again reflect that

3    the sentence being imposed antedates the effective date

4    of the Sentencing Guidelines; hence, the custody that

5    will be mentioned in the sentencing will be directed to

6    the Attorney General of the United States.  This is the

7    sentence of the court.

8          It is adjudged that the defendant is hereby

9    committed to the custody of the Attorney General of the

10   United States or his authorized representative for

11   imprisonment for a term of 12 years.

12         Upon release from imprisonment, the defendant

13   shall be placed on supervised release for a term of

14   five years.

15         While on supervised, he shall not commit

16   another federal, state, and local crime, and shall

17   comply with the standard conditions of the probation

18   department.

19         This supervised release means that when you

20   are released from incarceration, you will still be

21   under the custody of the probation officer just like

22   being on probation, and should there be a violation of

23   any of the conditions of supervised release, then this

24   five years is really in addition to the original

25   sentence.  In other words, it's not a part of the

Case 1:89-cr-00104    Document 24    Filed 10/03/2005    Page 14 of 24

Ex-B

1  original sentence, but it is in addition to the

2  sentence of 12 years.  You understand that?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  And it might be worth your while

5  to bear in mind that since the sentence imposed by the

6  court antedates the effective date of the Sentencing

7  Guidelines, parole is still available to you.  So it's

8  up to you how to conduct yourself during the term of

9  your incarcerating.

10          The defendant will be returned to the custody

11  of the local authorities because he's now being tried

12  for a local criminal matter.  But ensuing the

13  commencement of that -- I mean ensuing the completion

14  of that case, once it reaches its finality, regardless

15  of what the sentence is, the defendant will be turned

16  over to the custody of the U.S. Marshal to commence the

17  serving of his sentence.  And should he be convicted, I

18  don't know what the sentence of the Superior Court is,

19  they might say that the sentence imposed by the court

20  should run concurrent with this sentence, or they might

21  decide that he will serve his sentence upon the

22  conclusion of his sentence in this court, so it will be

23  up to the local authorities.

24          But you will return to the local authorities

25  for the purpose of going through his trial, and once

1  that trial is completed regardless of what the

2  disposition is, even if he were acquitted, he should be

3  turned over to the custody of the U.S. Marshal to serve

4  the sentence imposed by this court under this case.

5           Any questions?

6           MR. PHILLIPS:  No, Your Honor.

7           THE DEFENDANT:  No.

8           THE COURT:  You will now be turned over to the

9  custody of the local authorities for the purpose of

10 standing trial.  But bear in mind that you will be

11 turned over to the custody of the U.S. Marshal upon the

12 completion of that criminal trial, regardless of what

13 the outcome is.

14          Court will stand in recess.

15          MR. PHILLIPS:  Thank you, Your Honor.

16          (Proceedings concluded at 3:26 p.m.)

17                         *  *  *

18

19

20

21

22

23

24

25

FILED
office of the Clerk
DISTRICT COURT OF GUAM
AGANA, GUAM

MAR 1 6 1990

MARY L. MICHELS
Clerk of Court

# United States District Court

## DISTRICT OF __GUAM__

UNITED STATES OF AMERICA

v.

JOHN G. MANIBUSAN,

### JUDGMENT IN A CRIMINAL CASE

Case Number: CR-89-00104

(Name and Address of Defendant)

__Mr. Michael Phillips, Esq.__
Attorney for Defendant

THE DEFENDANT ENTERED A PLEA OF:

[X] guilty □ nolo contendere] as to count(s) ___1___
□ not guilty as to count(s)_____, and

THERE WAS A:
[X] finding □ verdict] of guilty as to count(s) ___1___

THERE WAS A:
[□ finding □ verdict] of not guilty as to count(s)_____
□ judgment of acquittal as to count(s)_____
The defendant is acquitted and discharged as to this/these count(s).

THE DEFENDANT IS CONVICTED OF THE OFFENSE(S) OF: POSSESSION WITH INTENT TO DISTRIBUTE HEROIN, in violation of Title 21 United States Code, Section 841(a)(1) and Title 18 United States Code, Section 2.

IT IS THE JUDGMENT OF THIS COURT THAT: The defendant JOHN G. MANIBUSAN, is hereby committed to the custody of the Attorney General of the United States or his authorized representative for imprisonment for a term of twelve (12) years. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five (5) years. While on supervised release the defendant shall not commit another Federal, state, or local crime, and shall comply with the standard conditions of the Probation Department.

in addition to any condition

EX-C

## CONDITIONS OF PROBATION

Where probation has been ordered the defendant shall:

(1) refrain from violation of any law (federal, state, and local) and get in touch immediately with your probation officer if arrested or questioned by a law-enforcement officer;

(2) associate only with law-abiding persons and maintain reasonable hours;

(3) work regularly at a lawful occupation and support your legal dependents, if any, to the best of your ability. (When out of work notify your probation officer at once, and consult him prior to job changes);

(4) not leave the judicial district without permission of the probation officer;

(5) notify your probation officer immediately of any changes in your place of residence;

(6) follow the probation officer's instructions and report as directed.

The court may change the conditions of probation, reduce or extend the period of probation, and at any time during the probation period or within the maximum probation period of 5 years permitted by law, may issue a warrant and revoke probation for a violation occurring during the probation period.

IT IS FURTHER ORDERED that the defendant shall pay a total special assessment of $_____ pursuant to Title 18, U.S.C. Section 3013 for count(s)_____ _____ as follows:

IT IS FURTHER ORDERED THAT counts___ _____are DISMISSED on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall pay to the United States attorney for this district any amount imposed as a fine, restitution or special assessment. The defendant shall pay to the clerk of the court any amount imposed as a cost of prosecution. Until all fines, restitution, special assessments and costs are fully paid, the defendant shall immediately notify the United States attorney for this district of any change in name and address.

IT IS FURTHER ORDERED that the clerk of the court deliver a certified copy of this judgment to the United States marshal of this district.

☐ The Court orders commitment to the custody of the Attorney General and recommends:

**March 16, 1990** _____
Date of Imposition of Sentence

_____
Signature of Judicial Officer

**Cristobal C. Duenas, Senior Judge**
Name and Title of Judicial Officer

**March 16, 1990** _____
                              Date

*I hereby certify, that the annexed instrument is a true copy of the original on file in my office.*
ATTEST: Mary L. Michels, Clerk
District Court of Guam
Territory of Guam

By: _____
                    Deputy Clerk

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at
                                    Date

_____, the institution designated by the Attorney General, with a certified copy of this Judgment in a Criminal Case.

_____
United States Marshal

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: ___Manibusan John G___     ___00488-093___     ___Beta E___     ___Talladega, Al___
          **LAST NAME, FIRST, MIDDLE INITIAL**     **REG. NO.**     **UNIT**     **INSTITUTION**

**Part A- INMATE REQUEST**

     First, I request that I be given credit from January 12, 1999, to May 19, 1999, pursuant to 18 U.S.C. § 3568, because the sentencing court specifically found that the offense was committed prior to the effective day of 18 U.S.C. § 3585 on October 12, 1987, and on January 12, 1999, I was transferred to the Federal Detention Facility to await transportation to the place at which my federal sentence was to be served. 18 U.S.C. § 3568 provides that "[i]f any person shall be committed to a jail or other place of detention to await trans- portation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention." Therefore, since the offense occurred when 18 U.S.C. § 3568 was the controlling statute and I was transferred on January 11, 1999 to a federal facility to await transportation to an off-island federal institution, I am entitled to that credit.

     Second, I request that I be immediately considered for parole. My judgment and commitment order does not establish that I was given a sentence under the Sentencing Reform Act. Bureau of Prisons P.S. 5880.28 provides that if the J&C

___June-8-05___                     ___John Maribu___
      **DATE**                                 **SIGNATURE OF REQUESTER**

**Part B- RESPONSE**

See
Attached

_____                _____
    **DATE**                            **WARDEN OR REGIONAL DIRECTOR**

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

___SECOND COPY: RETURN TO INMATE___        CASE NUMBER: 379820 71

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

                                     CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____     _____     _____     _____
           **LAST NAME, FIRST, MIDDLE INITIAL**     **REG. NO.**     **UNIT**     **INSTITUTION**

SUBJECT: _____

_____                          EX-D
    **DATE**     Case 1:00-cr-00104    Document 24    Filed 10/03/2005    Page 19 of 24          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN            Printed on Recycled Paper                                  BP-229(13)

does not "contain the date of the offense, or if there is a conflict among the documents about the date of the offense, or if the inmate contests the date of the offense as determined by ISM staff, then,...the court shall be contacted to ascertain the correct offense date." The authority relied on by the BOP for that proposition states that even if the indictment and PSI report puts a conspiracy as continuing into the period governed by the SRA that the sentencing court has the authority to determine that the offense conduct occurred prior to November 1, 1987. In this case the judge did just that. Furthermore, I did not plead to an indictment charging a conspiracy or a continuing crime. Instead, I pled to an information charging a single offense of possession with intent to distribute less than 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1). If I was given a SRA Guidelines sentence for that offense, the court would have had to impose a sentence of 41-51 months, which I have already served. See U.S.S.G. § 2D1.1(c)(8).

Finally, I request that my parole consideration be analyzed as if the U.S. Marshal had obeyed the directives of the sentencing judge and taken custody of me, regardless of the outcome of the trial in the local territorial court. If that had occurred, I would have been immediately eligible for parole under 18 U.S.C. § 4205(b)(2) because the sentencing court did not designate a minimum term to be eligible for parole. In all likelihood, I would have then been paroled to the Guam sentence in 24-36 months under the parole guidelines as a Category Five with very good salient factors. I could have then been eligible for parole on the Guam sentence. However, I was not considered for parole on the Guam sentence because of the detainer for the federal sentence that I would have been serving at that time but for the failure of the federal officials to obey the orders of the sentencing court. As it stands now, I have served almost six and a half years on a parolable sentence where my parole guidelines are only 24-36 months. For that reason, I also request that my parole decision be expedited.

EX-D

This in response to your Request for Administrative Remedy, receipted June 17, 2005, in which you request to receive credit from January 12, 1999, through May 19, 1999. You further request consideration for parole.

A review of your file shows your federal date of offense is March 30, 1988. On March 16, 1990, you were sentenced by the Honorable Cristobal C. Duenas, out of the District of Guam. You were sentenced to be imprisoned for a term of 12 years and upon release, you will be placed on supervised release for a term of 5 years.

In January 2000, you requested a Nunc Pro Tunc designation in your case. In February 2000, you were denied this request due to a letter received from the Honorable Jonn S. Unpingco, Chief Judge, United States District Court out of the District of Guam, where he agreed with the way your sentence was computed.

A release order from the Department of Corrections in Guam shows on September 20, 1990, you were sentenced in Guam for Manslaughter, Robbery, and Burglary. The release order also shows you were released on this sentence on May 19, 1999. The time of January 12, 1999, through May 19, 1999, that you are requesting credit, cannot be credited toward your federal sentence due to the denial of a Nunc Pro Tunc designation.

Program Statement 5880.28 states, "The date of offense for a new conviction is the date on which the criminal act takes place, or the date of which the ongoing criminal activity ends, as charged in a single count." Per your Pre Sentence Investigation (PSI), on March 30, 1988, a controlled buy was arranged by the Guam Police Department and the Drug Enforcement Administration. This is the first date mentioned on your criminal act for these charges. With your date of offense being March 30, 1988, you were sentenced as a Sentence Reform Act (SRA) inmate and you cannot receive parole under this sentence procedure. As your sentence computation shows, you received supervision of 5 years once you complete your sentence, not parole.

Based on the above, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days from the date of this response by submitting a form BP-230 (13) to the Regional Director, Southeast Regional Office, 3800 Camp Creek Parkway, SW, Building 2000, Atlanta, Georgia 30331-6226.

D. B. Drew, Warden
FCI Talladega

9/12/05
Date

enforcers were responsible for the murders of Antonio Chargualaf and Parnell Lujan who were considered police informants and Carlo Bessi and Mari Tanaka who were considered competitors.

The Government contends that Joseph Manibusan's organization resorted to armed robberies in an effort to arrive at the cash needed to purchase heroin for Antonio Mariur. John Manibusan was not implicated by the informant who provided information to law enforcement officials of the robberies listed below. The robberies included:

1986 -   Public Utility Agency of Guam (Cashier's box) Upper Tumon - $10,000.00.

1987 -   Taco Bell, Tamuning - less then $1,000.00.

1987 -   Manglona Mobil Service Station, Barrigada - less than $1,000.00.

1988 -   Payless Supermarket, Harmon - approximately $50,000.00

1988 -   J & G Warehouse, Maite less then $1,000.00. Santos Family - Tumon - $3,000.00

Antonio Mariur informed federal investigators that he sold three capsules of heroin to John Manibusan on January 6, 1988. He stated that Martin Viloria, Ben Viloria and an unknown American male were with Mr. Manibusan during the transaction. Mr. Mariur stated that the capsules were purchased for a total of $1,500.00.

On March 30, 1988 a controlled buy/bust was arranged by the Guam Police Department and the Drug Enforcement Administration. The police informant had arranged to purchase three bindles of heroin at a total cost of $150.00 from Robert Manibusan. The

9

EX-E

informant was issued $150.00 of serialized funds and a recording device was placed on the informant's person. On March 30, 1988, John G. Manibusan showed up at the designated meeting spot. Mr. Manibusan told the informant that Robert Manibusan was hiding from the police as he was wanted on an assault complaint. Mr. John Manibusan sold the informant three bindles of heroin for $150.00. The informant stated that a total of 7 bindles were seen in Mr. Manibusan's possession. Mr. Manibusan, when asked by the informant, stated that the heroin in his possession belonged to his brother Robert. Mr. Manibusan requested that the informant not tell his brother, Joseph Manibusan, that he had sold heroin to the informant. Martin Viloria and his two sisters were seen to be in the car driven by John Manibusan when the transaction was made. The crime laboratory determined the three bindles contained heroin hydrochloride. Acetylcodeine hydrochloride was also detected. The heroin weighed 0.01490 gram (net).

### Defendant's Version of the Offense.

"March 10, 1990

JUDGE CRISTOBAL DUENAS
DISTRICT COURT OF GUAM
AGANA, GU 96910

MOST HONORABLE JUDGE DUENAS:

My name is JOHN G. MANIBUSAN, I am a co-defendant in the 46 defendants who has pleaded guilty to drug charges, and have been incarcerated without bail at Rosario Detention Center. I do greatly appreciate your taking time away from your busy schedule to read what I have to say while making your decision regarding my sentencing.

I have a wife, THERESE PONTERAS MANIBUSAN, and two sons, TERRENCE-JOHN, age 3, and TREVINN JUDE, age 2. Since my incarceration, my wife and sons have been living alone, with no one to turn to as her parents both passed away less than a year ago, and her only sister resides in the states. It is very difficult for her living alone, for not only must she deal with the grief at the loss of both her parents alone, but my incarceration has been a great stress on her, along with the regular everyday problems

EX-F

| .INTIFF | | DEFENDANT | DOCKET NO. _____ |
|---|---|---|---|
| | | | PAGE ____ OF ____ PAGE: |

| DATE | NR. | PROCEEDINGS |
|---|---|---|
| **1990**<br>2=12 | 353 | STIPULATION & Ord - Re Rel of JOSEPH B. CAMACHO. |
| 2-16 | 354 | MOTION & Ord Dismissing All Cts in Cr-89-00050 Against Deft Alfonso Ngriked al Alfonso Borja.(EDO 2-16-90) |
| 2-22 | 355 | MOTION to Vacate,Set Aside or Correct Sentence by a Person in Federal Custody 28 USC §2255 - OLSINGCH IEKAR. |
| 2-26 | 356 | CLERK'S Letr transmitting t/following docus: (ALEX MESA)<br>Cpy of Warrant of arrest<br>Minutes - Initial Apprnce<br>Financial Affdvt<br>Ord Appntng Cnsl<br>Waiver of Rule 40 Hrg<br>Commtmnt to Another District<br>Docket Sheet |
| 2-27 | 357 | MOTION & Ord dismissing All Cts in Cr-89-00050 Against Deft ROBERT GOKITA MANIBUSAN.(EOD 2-28-90) |
| | 358 | MOTION & Ord Dismissing All cts in Cr-89-00050 Against Deft FRANCISCO ASANUMA (EOD 2-28-90) |
| 3-5 | 358a | RETURN of W/A - Alex Mesa. |
| 3-7 | 359 | MINUTE Entry - INITIAL Apprnce - Deft is brought to Crt under custody and w/o cnsl. Govt by Frederick A. Black, AUSA. ¶Ensuing questioning of t/deft as to his financial status, t/Crt finds deft to be indigent and will therefore appt Ms. Linda L. Ingles to rep deft. **¶Arraignemnt set for Tues, Mar 13, 1990 - 9:30 a.m.** ¶In t/meatime, deft will be turned over to t/custody of the U.S. Marshal. |
| | 360 | RETURN of Warrant for Arrest - ALFONSO NGRIKED aka ALFONSO BORJA. |
| 3-8 | 361 | RETURN of Clk's Temporary Commitment. Alex Mesa. |
| 3-15 | 362 | ORDER -Deft-pet's mtn purs to 28 U.S.C. §2255 is denied (OLSINGCH IEKAR) |
| 3-16 | 363<br>364 | NOTICE of Entry of Ord.<br>CERTIFICATE of Mailing. |
| 4-12 | 365 | MOTION & order dismissing all cts in CR-89-00050 against def RICHARD SILMAI aka "Richard Sadang" |
| | 366 | MOTION & order dismissing all cts in Cr-90-00050 against def JOHN G. MANIBUSAN. |
| ~~~~~~~~~~~~~~~~ | ~~~~~~ | ~~~~~~~~~~~~~ ~~~~~~~ ~~~~~~~~~~~~ re Initial appearance of Eddie Lujan & John Cruz and Detention Hearing on Eddie Lujan. |

EX-E