JManibusan.RES

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
OCT 14 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN G. MANIBUSAN, ) <br> ) <br> Defendant. ) | CRIMINAL CASE NO. 89-00104 <br><br> GOVERNMENT'S RESPONSE TO PETITION TO AMEND JUDGMENT |

The defendant has filed a motion to correct sentence pursuant to Federal Rule of Criminal Procedure 36, which provides for the court to correct a clerical error in a judgment. Defendant's problem, however, is not a clerical error, but rather a judgment that could be more complete. Defendant waived Indictment (Exhibit 1a), and pled guilty to an Information (Exhibit 1b). It clearly concerns an offense committed in early 1987, yet the Sentencing Guidelines did not take effect until November 1, 1987. Thus, defendant is eligible for parole.

The government agrees with his request, that an amended judgment be entered, nunc pro tunc to March 16, 1990, reflecting that "defendant was convicted of the offense of possession with intent to distribute heroin concerning an offense which occurred in early 1987."

D.B. Drew, Warden of the Talladega Federal Correction Institution, indicated that

defendant was sentenced for crimes arising after the effective date of the Sentencing Guidelines. He based his belief in part on a presentence report citing that the offense of conviction occurred in March 30, 1988. The presentence report is in the custody of the U.S. Probation Office. It appears to be incomplete. Although it indicates that defendant distributed heroin during 1986 and 1987 for a Joseph G. Manibusan, the only specific incident it records is a controlled buy DEA did from the defendant in March, 1988. Hence the confusion on Warden Drew's part.

Warden Drew also denied defendant's request for parole because the judgment cited that after his 12 years of incarceration, he was placed on supervised release for five years. The government is puzzled as to why the court did this, and why the attorneys did not object at the time, because both parties clearly intended the sentence to be pre-Guidelines. The government believes this imposition of five years supervised release is error, and should not be part of the amended judgment. Thus, under former 18 U.S.C. § 4205, defendant would be eligible for parole after serving one-third of his sentence, or four years.

At the time of his federal sentence, the defendant was in local custody facing charges of manslaughter, robbery and burglary. He was brought into federal court to dispose of the heroin charge pursuant to a writ ad prosequendum (Exhibit 2). After he was sentenced, he was returned to local custody and the U.S. Marshal's Service placed a detainer on him (Exhibit 3). He was sentenced on the local offenses September 20, 1990, released May 19, 1999, and turned over to federal custody (Exhibit 4). At the time it imposed sentence, the court had ordered that defendant be committed to the custody of the U.S. Marshal. Defendant appears to argue that the court intended his federal sentence to start running immediately, so that he would have been eligible for federal parole in 1994.

In fact, the district court did not have the authority to take defendant into federal custody, because the court had only obtained jurisdiction of him pursuant to a writ ad prosequendum, which provided that he be returned to local custody when the federal matters were completed. A more likely reading of the court's remarks is that defendant was to be turned over to the U.S.

-2-

Marshal upon disposition of his local charges, including whatever term of imprisonment was ordered. Defendant is not entitled to any credit for time served on the local charges. Former 18 U.S.C. § 3568 provided that the Attorney General was to give such credit only in connection with the offense or acts for which the sentence was imposed.

In summary, the government agrees that this Honorable Court should enter an amended judgment clearly reflecting that defendant's crime of conviction was pre-Guidelines, and omitting the imposition of five years supervised release. The court does not have the authority to order the Parole Board to grant the defendant parole. Under former 18 U.S.C. § 3568, the Attorney General, Department of Justice, and the Bureau of Prisons, not the courts, had the responsibility of computing sentences, giving credit for time served, and making decisions concerning parole. With the amended judgment, however, defendant should be able to renew his application for parole accordingly.

RESPECTFULLY SUBMITTED this 13th day of October, 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

-3-

AO 455 (Rev. 5/85) Waiver of Indictment

FILED
Office of the Clerk
DISTRICT COURT OF GUAM
AGANA, GUAM

SEP 13 1989

MARY L. MICHELS
Clerk of Court

# United States District Court

DISTRICT OF GUAM

UNITED STATES OF AMERICA

V.

JOHN G. MANIBUSAN

WAIVER OF INDICTMENT

CASE NUMBER: CR 89-00104

I, JOHN G. MANIBUSAN, the above named defendant, who is accused of

Possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and Title 18, United States Code, Section 2,

being advised of the nature of the charge(s), the proposed information, and of my rights, hereby waive in open court on 9/13/89 prosecution by indictment and consent that the proceeding may be by information rather than by indictment.

Defendant JOHN G. MANIBUSAN

Counsel for Defendant MICHAEL F. PHILLIPS

Before _____
Judicial Officer

JOHNMANI

D. PAUL VERNIER, JR.
Acting U.S. Attorney
FREDERICK A. BLACK
Assistant U.S. Attorney
Suite 502-A, PDN Building
238 Archbishop Flores Street
Agana, Guam 96910
Telephone: 472-7332/7283

Attorneys for United States of America

FILED
Office of the Clerk
DISTRICT COURT OF GUAM
AGANA, GUAM

SEP 13 1989

MARY L. MICHELS
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 89-00104 |
| ) | CRIMINAL CASE NO. _____ |
| Plaintiff, ) | |
| ) | **INFORMATION** |
| vs. ) | Possession with Intent to Distribute Heroin |
| JOHN G. MANIBUSAN, ) | [21 U.S.C. § 841(a)(1) |
| ) | and 18 U.S.C. § 2] |
| Defendant. ) | |

On or about early 1987, in the District of Guam, JOHN G. MANIBUSAN, did unlawfully, knowingly, willfully and intentionally possess with intent to distribute less than 100 grams of heroin, a Schedule I narcotic controlled substance, in

/ /
/ /
/ /
/ /

violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

DATED this 12th day of September, 1989.

                                        D. PAUL VERNIER, JR.
Acting U.S. Attorney
District of Guam

By: *Frederick A. Black*
FREDERICK A. BLACK
Assistant U.S. Attorney

- 2 -

K. WILLIAM O'CONNOR
United States Attorney
FREDERICK A. BLACK
Assistant U.S. Attorney
Suite 502-A, PDN Building
238 O'Hara Street
Agana, Guam 96910
Telephone: 472-7332/7283

Attorneys for United States of America

IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

UNITED STATES OF AMERICA, )
            Plaintiff,       )   CRIMINAL CASE NO. 89-00050
                             )
      vs.                    )
                             )   WRIT OF HABEAS CORPUS
JOHN MANIBUSAN,              )   AD PROSEQUENDUM
DANIEL TURNER, and           )
MARTIN VILORIA,              )
                             )
            Defendants.      )
_____)

TO:  OFFICER IN CHARGE
     Guam Prison Facility
     Territory of Guam

   This Court finds that JOHN MANIBUSAN, DANIEL TURNER and MARTIN VILORIA are now in the custody of the Guam Prison Facility and that said prisoners are required to appear before this court to be arraigned on federal narcotic charges.

   IT IS HEREBY ORDERED that the Officer in Charge of the Guam Prison Facility or his authorized agent or any Federal law enforcement agent shall produce JOHN MANIBUSAN, DANIEL TURNER and MARTIN VILORIA before this court

EXHIBIT

forthwith and whenever necessary hereafter to attend court appearances in the above-entitled case and upon completion of said prosecution and/or court appearances and/or upon further order of the court, return said prisoners to their place of confinement.

SO ORDERED this 13th day of July, 1989.

/s/ Phyllis Halsey Atkins
United States Magistrate
District Court of Guam

SUBMITTED BY:

/s/ FREDERICK A. BLACK

FREDERICK A. BLACK
Assistant U.S. Attorney

I hereby certify, that the annexed instrument is a true copy of the original on file in my office.
ATTEST: Mary L. Michels, Clerk
District Court of Guam
Territory of Guam

By: Rosita P. San Nicolas
Deputy Clerk

FORM OBD-183
MAR 83

# UNITED STATES MARSHALS SERVICE
## DETAINER
(See USMM 622.04)

UNITED STATES MARSHAL

DISTRICT OF GUAM
P.O. BOX 3396
AGANA, GUAM 96910

Copy 2 & 3 possessed

TO: OFFICER IN CHARGE
ROSARIO DETENTION CENTER
GUAM POLICE DEPARTMENT

DATE: MARCH 19, 1990

SUBJECT: MANIBUSAN, JOHN G.
OUR NO. 00488-093
FEDERAL JUDGEMENT
NO. CR-89-00104
12YEAR SENTENCE

Please accept this Detainer against the above-named subject who is currently in your custody.

When the subject is to be released from your custody, please notify this office at once so that we may assume custody if necessary. If subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at time of transfer and advise this office.

The notice requirements of the Speedy Trial Act of 1974 (P.L. 93-619) apply if the Detainer is based on pending Federal criminal charges which have not yet been tried. The notice requirement provisions do not apply to Detainers lodged for charges which have already been tried or for which no trial is required, such as parole revocation Detainers or sentencing Detainers. Further, the notice requirement provisions would not apply to Detainers lodged against prisoners who have not yet been sentenced at the time the Detainer is lodged. If there is an "X" mark in the following space, the notice requirements of the Speedy Trial Act apply and you are requested to give a copy of the Detainer to the prisoner and to complete the attached Form USM-17, NOTIFICATION REQUIREMENTS—SPEEDY TRIAL ACT, in duplicate, and return both copies of the Form USM-17 to this office with receipted copies 2 and 3 of this Detainer. ☐

Special instructions also apply when the Detainer is based on a warrant issued by the U.S. Parole Commission. If there is an "X" mark in the following space, please follow the instructions on the reverse of this form, acknowledge receipt on copies 2 and 3 of this Detainer and return them to this office in the enclosed self-addressed envelope. ☐

If there are no "X" marks in the above blocks, no further action is required except you are requested to give a copy of the Detainer to the Prisoner and to acknowledge receipt of this Detainer on copies 2 and 3 and return them to this office in the enclosed self-addressed envelope.

Very truly yours,

EDWARD M. CAMACHO
United States Marshal

BY: PHILIP T. KRELL
INSPECTOR, USMS

**RECEIPT**
Date: _____
Signed: _____
Title: _____

5 - SUSPENSE—USMS  **DETAINER**  FORMERLY LAA-121 FORM USM 16
(Rev. 8/23/77)
PRIOR EDITIONS ARE OBSOLETE AND NOT TO BE USED


EXHIBIT 3

DEPARTMENT OF CORRECTIONS
Dipåttamenton Mangngurihi
P.O. Box 3236
Hagåtña, Guam 96932

FILE COPY

APPENDIX G

No: 05-19-99-04

# RELEASE ORDER

Pursuant to 8 GUAM CODE ANNOTATED §120.38, the following named person is released from imprisonment on **MAY 19, 1999** at **8:00 a.m.**

| A. Last Name First Name Middle Name | B. Birthdate (Mo,Dy,Yr) | C. Social Security / Passport No. |
|---|---|---|
| **MANIBUSAN, John G.** | 05-13-59 | 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 |
| D. Mailing Address: Box No./Street No. City State Zip Code<br>UNITED STATES MARSHAL SERVICES<br>AND FEDERAL PRISON SYSTEM | E. Guam Address Upon Release:<br>NONE PROVIDED | |
| F. Case No(s): Conviction(s): | Sentence(s): | G. Aggregate Sentence(s) |
| CF 0145-89 MANSLAUGHTER (1st Degree) (Two Counts of Aiding and Abetting to); ROBBERY (2nd Degree) (One Count); BURGLARY (2nd Degree). | TEN (10) YEARS imprisonment and each count shall run concurrent to the other;<br>Five (05) years imprisonment, concurrent;<br>Five (05) years imprisonment, concurrent;<br>Three (03) years Special Parole. | **TEN (10) YEARS** |

Per Judgment, reference to the sentence, the defendant was adjudicated guilty in Federal District court of Guam, CR-89-00104 for Possession With Intent To Distribute Heroin, Twelve (12) years imprisonment and Five (05) years Supervised Release; The ten (10) years sentence (CF 0145-89) shall run consecutively to the twelve (12) years sentence (CR-89-00104).

| H. Conviction Date (Mo. Dy. Yr.) | I. Sentenced Date (Mo. Dy. Yr.) | J. Date Sentence Began (Mo. Dy. Yr.) | K. ACF Admission Date (Mo. Dy. Yr.) |
|---|---|---|---|
| 07-27-90/06-28-94 | 09-20-90/01-20-95 | 09-20-90 | 07-30-90 |
| L. INS Detainer FileNo./Date File | M. Special Parole:<br>( ) NO<br>(XX) YES THREE (03) YEARS | N. Probation to Follow:<br>(XX) NO<br>( ) YES | O. Total Fines / Costs: |
| NONE | | | NONE |

Special Court Order / Others: PLEASE REFER TO THE COMMITMENT ORDER OF SEPTEMBER 20, 1990; JUDGMENT OF APRIL 25, 1995 AND UNITED STATES DISTRICT COURT JUDGMENT CR-89-00104. **PURSUANT TO THE TITLE 9 GUAM CODE ANNOTATED, SECTION 80.70, YOU SHALL UPON RELEASE REPORT TO THE PAROLE SERVICES DIVISION (473-7000 TIYAN) FOR PROCESSING.

Q. COMPUTATION OF CONFINEMENT CREDITS:

1. Date Sentence began (Mo. Day. Yr.) ................................................................. 09-20-90 ........ (263) (Julian Date)
2. Full-time Release Date (Mo. Day. Yr.) .............................................................. 09-19-2000 ... (128) (Julian Date)
3. Pre-Trial Detention (From: 05-20-89 To: 09-19-90 ) .................................. 488 ........................ days
   (From: NONE To: NONE ) ............................................................... NONE ........................ days
4. Prisoner Public Works Program (PPWP): NONE Hours (divided by) 40 hrs. = NONE ... NONE ........................ days
5. Adjusted Full-Time release Date (less 3 & 4)(Mo. Day. Yr.) ................................... **05-19-99 ...... (139) (Julian Date)
6. Actual Time Served (Aggregate Sentence less #4) .............................................. 10 yr(s) 00 mo(s) 00 day(s)
7. Total Time Credited .............................................................................. 10 yr(s) 00 mo(s) 00 day(s)

R. TYPE OF RELEASE: (XX) FULL-TIME  **(XX) SPECIAL PAROLE  ( ) COURT ORDER  ( ) SPECIAL PROBATION
(XX) OTHER: FEDERAL HOLD PER USMM 622.04 / 03-19-90.

Revised: March 28, 1997/rem; SSA. Disk #23

_signature_
**ANGEL A. R. SABLAN**
DIRECTOR OF CORRECTIONS    APR 21 1999

CC: Attorney General, Guam Police Dept., Probation Office, Inmate's File, ACF, CCSD, PSD, GDF / Federal and Central Control

EXHIBIT 4

**U. S. Department of Justice**
*United States Marshals Service*

**PRISONER REMAND OR ORDER TO DELIVER AND RECEIPT FOR UNITED STATES PRISONERS**

## UNITED STATES MARSHAL
DISTRICT OF _Hawaii_

TO: _____  DATE: **5-19-99**
(Name & Title)

[X] are herewith remanded to your custody

THE FOLLOWING NAMED UNITED STATES PRISONER(S):

[ ] are to be delivered to representative presenting and signing this order

1. Yen Tung Chi
2. 
3. MANIBUSAN, MIN G. → # CR 94-7590
   (by Krimm-MFJIS 5-19-99)
4. 
5. 
6. 

### RECEIPT

THE ABOVE NAMED UNITED STATES PRISONER(S) WERE RECEIVED:

BY: _J.C. T____

TITLE: _CO III_

DISTRICT OR ORGAN. ADDRESS _D.O.C._

_____
United States Marshal

BY: _____
Deputy U. S. Marshal

(PRIOR EDITIONS MAY BE USED)

Form USM-41
(REV. 11/83)
(Supersedes USM-40,
[Short Form])

Exhibit 4b