JOHN G. MANIBUSAN
Reg. No. 00488-093
Federal Correctional Inst.
P.M.B. 1000
Talladega, AL. 35160-8799

Defendant, pro se

FILED
DISTRICT COURT OF GUAM
NOV 23 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  vs.<br><br>JOHN G. MANIBUSAN,<br><br>    Defendant, | CRIMINAL CASE NO. 89-00104<br><br>DEFENDANT'S REPLY TO GOVERN-<br>MENT'S RESPONSE TO PETITION<br>TO AMEND JUDGMENT |

The Defendant, John G. Manibusan, filing pro se, respectfully replies to the Government's Response to his motion to amend the judgment nunc pro tunc, as allowed by the Court's order of September 27, 2005, ordering that he shall have until November 18, 2005, in which to file a reply. The Defendant concurs with the Government's concession "that an amended judgment be entered, nunc pro tunc to March 10, 1990, reflecting that 'defendant was convicted of the offense of possession with intent to distribute heroin concerning an offense which occurred in early 1987.'" However, the Defendant disagrees and objects to some of the facts stated in the Government's Response and the effect of the amended judgment.

The Government stated that the Warden of Talladega Federal Correctional Institution, D.B. Drew, indicated that the defendant was sentenced for crimes arising after the effective

date of the Sentencing Guidelines based on his belief that the presentence report cited that the offense of conviction as March 30, 1988. The Government conceded that Warden Drew was confused, but for the wrong reasons. In it's opinion, that confusion was due to the fact that the presentence report appears to be incomplete in that it indicates that the defendant distributed herion during 1986 and 1987 for a Joseph G. Manibusan, but the only specific incident it records is a controlled buy DEA did from the defendant in March, 1988. Although the Government's contentions as to the completeness of the presentence report and the source of Warden Drew's confusion may or not be correct, they are irrelevant because the source of the confusion actually stems from the fact that the Warden fails to acknowledge that the plea was to an information describing an offense involving less than 100 grams of heroin that occurred prior to the effective date of the Sentence Reform Act. Hence, whether or not an offfense occurred in March 1988 (or the PSI reported an offense occurring on that date) is largely irrelevant because that offense was dismissed on April 12, 1990 (Doc.#366) and the information eliminates any considerations of relevant conduct or a continuing conspiracy. Therefore, not only would the Defendant be elegible for parole under former 18 U.S.C. §4205 pursuant to the terms of the information, but the fact that it involved a substantive offense of less than 100 grams should also be included in the judgment because it would affect his salient factor score for parole guideline purposes.

The greatest and most serious disputes the Defendant has wiht the Government's Response is with the effect of the judgment

as it related to the later imposed local sentence and the characterization of the relief the Defendant is requesting as to the first dispute, the Government completely overlooks and fails to address that the judgment was pursuant to a negotiated plea. Therefore the effect of the judgment and the relief warranted should be judged by the principles governing plea agreements and Fed.R.Crim.P. 11. United States v. Neely, 38 F.3d 458 (9th Cir. 1994); United States v. Meyers, 451 F.2d 402 (9th Cir. 1972). With respect to the second dispute, the Government erroneously framed the request for relief as the Defendant seeking credit from the Court for time served on the local charges. That is simply not so. The motion and its request for relief clearly and concisely stated the Defendant sought a clarification that the offense of conviction antedated the Guidelines and that the execution of the judgment be analyzed and made as if the U.S. Marshal had obeyed the directives of the sentencing court. However, the effect of the judgment under the controlling law established in Myers and Neely should not be to start the federal sentence to run immmediately as the Government construes the remedy requested in their answer, but to modify the federal sentence to be served concurrently with the term imposed by the local Guam court for the reasons stated below. Neely, 38 F.3d at 461 ("To remedy the due process violation, the distict court shall either vacate Neely's federal conviction so that he may plead anew, or modify Neely's existing federal sentence to be served concurrently with the term of imprisonment imposed by the California courts in 1989.")

The Government's Statement of the facts relating to the circumstances and effect of the judgment is woefully incomplete

to the point of being fraudulently misleading. It is correct that at the time of the federal charges, the defendant was in local custody facing charges of manslaughter, robbery and burglary, and was brought into federal court to dispose of federal charges indicted under case no. CR-90-00050 pursuant to a writ of habeas corpus ad prosequendum under that case number. However, the Government conveniently omitted that the local charges were included in some of the counts and overt acts in the federal indictment (Sent. tr. at 21-22), that the PSI Report included the information relating to the local charges (defendant's exhibit F) and that the Government argued the facts involving the local charges to recommend the maximum sentence of 20 years available in this case and to obtain the 12 year sentence the court actually imposed. Sent. tr. at 16-17. Furthermore, it is not just plausible that the conduct for the local charges was included in the federal sentence, but the sentencing judge actually stated that he considered that information when he arrived at the sentence.

Also conveniently omitted by the Government was the fact that after the Defendant was brought into federal custody to dispose of the federal charges pursuant to a writ of habeas corpus ad prosequendum, the respective attorneys and the Defendant entered into a negotiated plea agreement whereby all of the federally indicted charges would be dismissed, a new case number created pursuant to a waiver of indictment and an information charging a separate substantive offense involving a limited amount at a specified time, and other conditions involving "the continuation of sentencing until after the indictment and trial of any

associates involved." Sent. tr. at 12, ¶5 of plea. However, the federal sentencing actually occurred prior to the trial in the local case of the defendant and "other associates involved" which was technically a breach of the plea agreement and prevented the federal sentencing court from exercising his discretion to run the federal sentence concurrent with the local sentence or adjust the federal sentence to take the conduct for the local charge into account in imposing the federal sentence.

It is also correct as the Government states that "[a]t the time it imposed sentence, the court had ordered that defendant be committed to the custody of the U.S. Marshal." However, the Government also conveniently omits the Court's comments clearly indicated that the sentencing court intended the federal sentence to commence and continue to run, "regardless of what the sentence is,..." Sent. tr. at 24. The sentencing court's complete instructions are as follows:

> The defendant will be returned to the custody of the local authorities because he's now being tried for a local criminal matter. But ensuing the commencement of that -- I mean ensuing the completing of that case, once it reaches its finality, <u>regardless of what the sentence is</u>, the defendant will be returned over to the custody of the U.S. Marshal to commence the serving of his sentence. And should he be convicted, I don't know what the sentence of the Superior Court is they might say that the sentence imposed by the court should run concurrent with this sentence, or they might decide that he will serve his sentence upon the conclusion of his sentence in this court, so it will be up to the local authorities.

But you will return to the local authorities for the

> purpose of going through his (sic) trial, and once
> that trial is completed <u>regardless of what the
> disposition is</u>, even if he were acquitted, he should
> turned over to the custody to the U.S. Marshal to
> serve the sentence imposed by the court under this
> case
>
> x    x    x    x    x    x
>
> You will now be turned over to the custody of the
> local authorities for the purpose of standing trial.
> But bear in mind that you will be turned over to the
> custody of the U.S. Marshal upon the completion of
> that criminal trial, <u>regardless of what the outcome
> is</u>

Defendant's Exhibit B. Sent. tr. at 24-25 (emphasis added).

The Government contends that "the district court did not have the authority to take defendant into federal custody, because the court had only obtained jurisdiction of him pursuant to a writ (sic) ad prosequendum, which provided that he be returned to local custody when the federal matters were completed." That may be technically true under normal circumstances where there is no plea agreement and the charges in the separate jurisdictions are completely unrelated. In this case, the Government entered into a plea agreement that had a condition that sentencing would be after all related trials and where the court imposed a sentence that he believed would be served first. The Government did not object at sentencing on the basis that the court did not have authority to take custody of the Defendant before service of the local sentence. It is well-settled that the Government may waive its rights under a plea agreement as well as a defendant including the terms of a judgment if they do not object at sentencing and appeal. At any

rate, the remedy for such an error would not be to simply ignore the sentencing judgment; the remedy would be to void the plea and judgment and begin anew or modify the federal sentence to be served concurrently. Neely, 38 F.3d at 461

The Government's statement that the district court did not have authority to take the defendant into federal custody because of the writ of habeas corpus ad prosequendum may also be technically true were it not for the fact that the Government created a new case number that antedated the local case, it used the local conduct to attempt to obtain a longer sentence, and the sentencing court actually stated on the record that he had taken that information under consideration. If the Government had not negotiated a plea to the infomation and dismissed the original indictment that had over 31 some counts that included the conduct for the local charges, the sentencing court would have been required pursuant to U.S.S.G. §5G1.3(b) to give full credit for the time served on the local charges. The Government should not be allowed to manipulate the system in that manner to obtain a greater sentence than it could normally obtain under the pretext of offering a plea under seemingly favorable terms.

Rather than providing some authority for the contention that despite the plain unobjected to language of the judgment the federal sentence must run consecutively to the state sentence, the Government instead urges the Court to devine from the Court's remarks what the Court should have advised the defendant under controlling circuit law to even accept the plea. Resp. at 2 ("A more likely reading of the court's remarks is that defendant was to be turned over to the U.S. Marshal upon disposition of his local

charges, including whatever term of imprisonment was ordered."). This Court may not do what the Government urges because neither the trial, not the sentencing court, actually made those statements. As shown below, whether the district court had authority to take the defendant into federal custody and whether the writ of habeas corpus ad prosequendum gave the local court primary jurisdiction for trial and incarceration purposes is irrelevant because the Defendant was never advised of that fact. What the district court had no authority and jurisdiction to do under the circumstances was to order that the federal sentence run concurrent or consecutive with the not yet imposed state sentence; another fact of which the defendant was never advised. See United States v. Williams, 651 F.2d 644, n.2 (9th Cir. 1991); cf. United States v. Clayton, 927 F.2d 491, 493 (9th Cir. 1991) (stating the law after the enactment of 18 U.S.C. §3584(a) which is applicable because the offense antedated the effective date of the statute).

The result and outcome of this motion is controlled by United States v. Meyers, 451 F.2d 402 (9th Cir. 1972), governing cases controlled by 18 U.S.C. §3568 as this one, and United States v. Neely, 38 F.3d 458 (9th Cir. 1994), governign cases controlled by 18 U.S.C. §3584, both of which are indistiguishable from the facts of this case. Although the Defendant's motion relied on Fed. R.Crim.P. 35 and 36, see Cook v. United States, 426 F.2d 1358, 1360 (5th Cir. 1970), to clarify the judgment and commitment order to conform to the sentence pronounced orally, that fact is also irrelevant because the court must construe pro se pleadings liberally to achieve substantial justice where relief is warranted regardless of the label. E.g. United States v. Eatinger, 902 F.2d 1383, 1385

(9th Cir. 1990). Although <u>Neely</u> relied on Fed.R.Crim.P. 11 the appellate court treated his claim as a due process challenge to his federal conviction under 28 U.S.C. §2255, "effectively contending the district court committed constitutional error in accepting his guilty plea without informing him that his federal sentence could be served consecutively to his state sentence." <u>Neely</u>, 38 F.3d at 459 & n. 1. In this case there is no timeliness problem because the Defendant only sought and seeks execution of the judgment under the plain meaning of the sentence orally pronounced, which he could not challenge in the sentencing court until it became clear that the Bureau of Prisons would not execute the judgment as it was orally pronounced. Hence, the administrative remedy request responses should be considered facts within the meaning of 28 U.S.C. §2255(4) because the claim could not have accrued until then.

In <u>Meyers</u>, the Ninth Circuit held "that, before accepting a guilty plea, a district court must inform a federal defendant against whom state charges are pending that a federal court lacks authority to impose a sentence to be served concurrently with a state sentence." <u>Neely</u>, 38 F.3d at 459; <u>Meyers</u>, 451 F.3d at 403-05. "Because a defendant's federal sentence might run consecutively to any state sentence imposed [due to the primary custody of the state and the fact of the writ of habeas corpus ad prosequendum not relinquishing that jurisdiction], [the court] concluded that a court had a duty to warn the defendant of this possibility before accepting his guilty plea." <u>Id</u>. at 460; <u>Meyers</u>, at 404-405. While the ruling in <u>Meyers</u> was based on an earlier version of [Fed.R.Crim.P. 11, the court has] since recognized a constitutional

dimension to the decision." Id.

This case is indistinguishable from Meyers. "Like Meyers, [the Defendant] was in state custody on pending state (or in this case local territorial) charges at the time of his federal guilty plea. In both cases the judge presiding over the Rule 11 hearing had signed the writ of habeas corpus ad prosequendum to secure the defendant's presence in federal court and was, thus, manifestly aware of the defendant's state (or local) custody." Id. Therefore, "[i]f Meyers remains the law of this circuit, it controls the present case." Id.

In Neely, the Ninth Circuit considered the effect of 18 U.S.C. §3584 (that was decided after the commission of the instant offense) on its holding in Meyers. Neely, 38 F.3d at 459. In Neely, the Ninth Circuit concluded that Meyers remained the law of the circuit and therefore, a defendant brought into federal court pursuant to a writ of habeas corpus ad prosequendum whose state or local charges have not yet been resolved must be informed that the federal sentence cannot commence until the state or local charges are resolved including any imprisonment from those charges:

> As in Meyers, then, a consecutive sentence remains a direct consequence of a guilty plea entered by a defendant against whom state charges are pending, section 3584 not- withstanding.
>
> Meyers stems from the fundamental principle, rooted in considerations of due process, that a guilty plea must be voluntary to be valid. For a plea to be voluntary, the defendant must be informed of the direct consequences of the plea. Because the imposition

> of a consecutive sentence is a direct consequence
> of a federal guilty plea where the federal court
> lacks discretion to order a concurrent sentence,
> a federal defendant must be advised of the court's
> lack of discretion before he can enter a voluntary
> plea of guilty.

Neely, 38 F.3d at 461 (citations, quotation marks and elipsis ommitted).

In this case, the Defendant was not advised at the Fed.R.Crim.P. 11 hearing that due to the local jurisdiction having primary custody and due to the fact that the federal court only had jurisdiction pursuant to a writ of habeas corpus ad prosequendum, that the federal sentence necessarily had to be consecutive to any sentence imposed in the local jurisdiction. Futhermore, this court is not at liberty, as the Government suggests, to read into the sentencing court's remarks that the defendant was to be turned over to the U.S.Marshal at the completion trial in the local case, to include that the sentencing court meant the completion of "whatever term of imprisonment was ordered"; first because the sentencing court did not make that comment; and second, because that comment was not made to the Defendant as an advisement at the Fed.R.Crim.P. 11 hearing as required by Meyers and Neely. Therefore, pursuant to the authority of Meyers and Neely the Court should "either vacate [the Defendant's] federal conviction [] so that he may plead anew, or modify [the Defendant's] existing federal sentence to be served concurrently with the term of imprisonment imposed by the [Guam] courts in [January 1995]. Neely, 38 F.3d at 461. The Defendant's preference being the latter remedy, which would not prejudice the

Government in any way and not raise any timeliness concerns because the claim accrues and hinges on the Government's refusal to execute the judgment as it was imposed. Furthermore, it would require his immediate release without any further judicial proceedings.

WHEREFORE the Defendant respectfully requests for the foregoing reasons that the court grant leave to amend the motion for clarification and amendment of the judgment to include the claim as a due process challenge to the federal conviction pursuant to Neely, 38 F.3d at 459 n. 1; to modify the judgment nunc pro tunc to order the federal sentence to be served concurrently with the term of imprisonment imposed by the Guam Territorial Court that commmenced on September 20, 1990, pursuant to Neely, 38 F.3d at 461; and to amend the judgment nunc pro tunc to state that the commission of the offense antedated the enactment of the Sentencing Reform Act and that it involved an offense involving less than 100 grams of heroin. Should the Court find that the record is not sufficient to grant the relief requested, the Defendant respectfully request that the Court set a date for a hearing on the motion pursuant to the COurt's order of September 26, 2005.

RESPECTFULLY SUBMITTED

this /4 day of November, 2005.

John G. Manibusan
Reg. No. 00488-093
Federal Correctional Inst.
P.M.B. 1000
Talladega, AL. 35160-8799

Defendant, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon the counsel for the Government a true and correct copy of the foregoing Reply to Government's Response to Petition to Amend Judgment and full copy of the transcript of plea showing noncompliance with the requirements at United States v. Neely, 38 F.3d 458 (9th Cir. 1994), by placing it in the institutional legal mail system, with adequate first-class postage affixed, and addressed to:

>Ms. Karon V. Johnson
>Assistant U.S. Attorney
>Suite 500
>Sirena Plaza
>108 Hernan Cortez Ave.
>Hagatna, Guam 96910

this the 14 day of November, 2005.

John G. Manibusan
Defendant, Pro Se