IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

| | |
|---|---|
| JOHN G. MANIBUSAN,<br><br>    Defendant-Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Plaintiff-Respondent. | CRIMINAL CASE NO. 89-00104<br><br>PETITIONER'S MOTION TO AMEND AND MOTION FOR APPOINTMENT OF COUNSEL |

    The Petitioner, John G. Manibusan, filing pro se, respectfully moves this Honorable Court, pursuant to Fed.R.Civ.P. 15(a), (b) and (c), to formally amend the Motion for Clarification of Sentence and Amendment of Written Judgment filed on September 7, 2005, to state a claim for relief under 28 U.S.C. § 2255 based on ineffective assistance of counsel and due process violations as explained in the reply to the government's response; and to vacate the sentence under Fed.R.Crim.P. 35(a), as being illegal as conceded by the government in their response. The Petitioner further moves for the appointment of counsel to assist the Petitioner at the hearing on the motion. In support thereof, the Petitioner states:

    1. On November 23, 2005, the Petitioner filed a motion, pursuant to Fed.R.Crim.P. 36, asking the Court to clarify the sentence imposed and to amend the written judgment and commitment order to conform to the sentence actually imposed. According to the sentencing transcript appended to the motion as Exhibit B, the sentencing court believed the defendant was in primary federal custody and that the federal sentence would begin immediately because it ordered that he

be returned to local custody for purposes of a trial, and that upon the completion of that case, regardless of what the sentence is, that he will be returned over to the custody of the U.S. Marshal to commence the sentence. Ex. B.

2. According to the plea hearing transcript, the plea agreement had a provision in paragraph 5 that the sentencing would be continued until after the trial and indictment of any associate involved. Ex. A at 12. However, the plea hearing transcript does not state that the sentencing court informed the defendant that a federal court (at the time) lacked authority to impose a sentence to be served concurrently with a state sentence, and that if the defendant was in primary local custody that the effect of the federal sentence would be consecutive to any local sentence imposed. The first error violated the rule established in <u>Santobello v. New York</u>, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d. 427 (1971) because the sentencing was not continued "until after the indictment and trial of any associate involved." Ex. At at 12. Instead, the trial on the local charges was conducted the next Monday after the sentencing. Ex. A at 22. The second error of not informing the defendant, against whom state or local charges were pending, that the court lacked authority to impose a concurrent sentence and of the possibility that the sentence might run consecutive to any local sentence imposed violated the rule established in <u>United States v. Meyers</u>, 451 F.2d. 402, 403-05 (9th Cir. 1972). That rule was given a constitutional dimension in <u>United States v. Willis</u>, 881 F.2d. 823, 825 (9th Cir. 1989) by the Ninth Circuit and made cognizable on collateral review

in <u>United States v. Neely</u>, 38 F.3d. 458 (9th Cir. 1994). None of those cases have been overruled or abrogated.

3. The government conceded in their answer not only that the offense was pre-guidelines, but that the judgment is erroneous because it imposed a term of supervised release. Therefore, the sentence is illegal because the information alleged an offense involving less than 100 grams of heroin. See <u>Gozlon-Perez v. United States</u>, 498 U.S. 395, 400, 111 S.Ct. 840, 112 L.Ed.2d. 919 (1991)("Persons convicted of crimes involving lesser amounts of narcotic and non-narcotic substances remained subject to the penalties applicable to offenses committed before the 1984 amendment, including special parole."). Since the sentence is plainly illegal without considering any matters dehors the record, it is viodable under Fed.R.Crim.P. 35(a) at anytime.

4. The motion for the requested relief is appropriate and timely because the sentence is illegal on its face, and therefore viodable, which restarts the one-year clock pursuant to the holdings of <u>United States v. LaFrombaise</u>, 427 F.3d. 680, 685-86 (9th Cir. 2005). The motion is also timely under 28 U.S.C. § 2255(4) because it was filed well within one year of the time the Bureau of Prisons notified the Petitioner that it was not going to consider the sentence parolable or to begin at its imposition, even upon review of the sentencing transcript. See <u>United States v. Smith</u>, 101 F.Supp.2d. 332, 337 (W.D. Pa. 2000)(agreeing "with the government and the petitioner that his section 2255 motion to vacate is timely under 28 U.S.C. § 2255(4), which provides that the one-year period of

3

limitations shall run from 'the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.' Because the petitioner could not have learned until, at the earliest, November 23 1998, that the BOP did not consider his federal sentence to have been running concurrently to the state sentences, his section 2255 motion to vacate was timely filed on October 18, 1999."). In this case, the Petitioner could not have learned until August 12, 2005, that the BOP was not going to consider his federal sentence to have been running concurrently with his local sentence, even with the sentencing transcript stating that it was to begin regardless of the sentence imposed in the local court. Therefore, any motion to vacate is timely.

WHEREFORE the Petitioner respectfully requests that the court amend the pleading currently on file to state claims under 28 U.S.C. § 2255 and Fed.R.Crim.P. 35(a) or to entertain a separate 28 U.S.C. § 2255 motion to relate back to the prior filing and made timely by the government's concessions in that action. The Petitioner further requests that counsel be appointed for the hearing on the motion and any resentencing.

Dated: March \_1\_, 2006.    Respectfully Submitted

                             John G. Manibuson
                             Petitioner, Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN G. MANIBUSAN,<br><br>    Defendant. | CRIMINAL CASE NO. 89-00104<br><br>DEFENDANT'S MOTION<br>TO VACATE ILLEGAL<br>SENTENCE AND<br>REMAND FOR<br>RESENTENCING |

    The Defendant, John G. Manibusan, filing pro se, respectfully moves this Honorable Court, pursuant to Fed.R.Crim.P. 35(a), to vacate the judgment entered in this action on March 16, 1990, on the basis that it is illegal on its face based on the existing record; and to remand the case for resentencing, and in support thereof states:

    1. On September 13, 1989, an information was filed alleging that on or about early 1987, John G. Manibusan, did possess with intent to distribute less than 100 grams of heroin. Govt. Ex. 1b. Because the information stated a date of the offense that was prior to the effective date of the Sentencing Reform Act on November 1, 1987 and specified an amount of less than 100 grams of heroin, the penalty was a maximum of 15 years imprisonment and, if a prison sentence was imposed, a mandatory 3-year term of special parole pursuant to 21 U.S..C § 841(b)(1)(B)(1984 ed.). See <u>Gozlon-Perez v. United States</u>, 498 U..S. 395, 399-400, 111 S.Ct. 840, 112 L.Ed.2d. 919 (1991) ("Persons convicted of crimes involving lesser amounts of narcotic... substances [involving less than 100 grams of heroin] remained subject to the penalties applicable to offenses committed before the

1984 amendments [of 15 years imprisonment], including special parole.").

2. On September 13, 1989, the court conducted a combined arraignment, waiver of indictment, filing of information and plea of guilty to the information pursuant to Fed.R.Crim.P. 11. However, the plea hearing was conducted as if the offense was subject to the post SRA provisions of 21 U.S.C. § 841(b)(1)(C) effective November 1, 1987, because the court advised the defendant that the maximum sentence for the offense was a term of 20 years, together with a fine of one million dollars, and a minimum term of three years of supervise release (Def. Ex. A at 11), despite the fact that the court stated that the record will show that the commission of the offense was before the effective date of the Sentencing Guidelines. Def. Ex. A at 15.

3. On March 16, 1990, the court conducted a sentencing hearing in which it explicitly noted that the offense involved possession with intent to distribute less than 100 grams of heroin in early 1987 and that the defendant is being sentenced under the provisions existing before the effective date of the Sentencing Guidelines; and hence, the custody was directed to the Attorney General and parole was still available. Def. Ex. B at 4, 23 & 24. However, the record also reflects that the sentence was also imposed under the provisions existing after the effective date of the Sentencing Guidelines because the government recommended a twenty (20) year sentence (id. at 17) allowed by the plea agreement and the court imposed a term of supervised release of five (5) years upon release from

imprisonment (id. at 23-24) that was to commence regardless of what the sentence turns out to be in the local case. Id. at 24.

4. The written judgment and commitment order states that the defendant is committed to the custody of the Attorney General, as required by the law prior to November 1, 1987; and stated that the defendant shall be placed on supervised release, as required by the law for offenses committed after November 1, 1987. Def. Ex. C.

5. Singularly and together the sentencing and the written judgment and commitment order is plainly illegal without resort to any matter dehors the record because they both contain provisions both before and after the effective date of the Sentencing Reform Act on November 1, 1987; and because the sentencing transcript states and the government has conceded that the offense occurred prior to November 1, 1987, the illegal sentence is voidable pursuant to Fed.R.Crim.P. 35(a).

WHEREFORE the defendant respectfully requests for the foregoing reasons that the Court vacate the judgment and commitment order entered on March 16, 1990, and remand the case for resentencing.

Dated: March \_\_\_\_, 2006.   Respectfully Submitted

John G. Manibuson
Defendant, Pro Se

3

Case 1:89-cr-00104   Document 27   Filed 03/13/2006   Page 7 of 8

# CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing Motion to Vacate Illegal Sentence and Remand for Resentencing, Motion to Amend, and Motion for Appointment of Counsel by placing them in the institutional legal mail system, with adequate first-class postage affixed, and addressed to:

Ms. Karon Johnson
Assistant U.S. Attorney
Fifth Floor
PND Building
238 Archbishop Flores Street
Agona, Guam 96910

This the __1__ day of March, 2006

*[signature]*
John G. Manibuson
Reg. No. 00485-093
PMB 1000
Talladega, AL 35160-8799

Defendant, Pro Se

4