# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | District of Guam |
|---|---|---|
| Name (under which you were convicted): John G. Manibusan | | Docket or Case No.: |
| Place of Confinement: F.C.I. Talladega, 565 E. Renfroe Rd., Talladega AL 35160 | | Prisoner No.: 00488-093 |
| UNITED STATES OF AMERICA | | Movant (include name under which you were convicted) |
| v. Manibusan | | |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: U.S. District Court for the District of Guam

    (b) Criminal docket or case number (if you know): CR89-00104

2. (a) Date of the judgment of conviction (if you know): March 16, 1990

    (b) Date of sentencing: March 16, 1990

3. Length of sentence: Twelve (12) years and five (5) years supervised release

4. Nature of crime (all counts): Plea to an Information alleging possession with intent to distribute less than 100 grams of heroin early in 1987 in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. § 2.

5. (a) What was your plea? (Check one)

    (1) Not guilty ☐    (2) Guilty ☒    (3) Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

**FILED**
DISTRICT COURT OF GUAM
MAR 13 2006
MARY L.M. MORAN
CLERK OF COURT

**ORIGINAL**

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?  Yes ☐  No ☒
8. Did you appeal from the judgment of conviction?  Yes ☐  No ☒
9. If you did appeal, answer the following: N/A
   (a) Name of court: _____
   (b) Docket or case number (if you know): _____
   (c) Result: _____
   (d) Date of result (if you know): _____
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: _____
   _____
   _____
   _____
   _____
   _____
   _____

   (g) Did you file a petition for certiorari in the United States Supreme Court?  Yes ☐  No ☐
       If "Yes," answer the following:
       (1) Docket or case number (if you know): _____
       (2) Result: _____
       _____
       (3) Date of result (if you know): _____
       (4) Citation to the case (if you know): _____
       (5) Grounds raised: _____
       _____
       _____
       _____
       _____
       _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes ☒  No ☐
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: District of Guam
        (2) Docket or case number (if you know): Same as criminal case
        (3) Date of filing (if you know): September 7, 2005

(4) Nature of the proceeding: <u>Motion for Clarification of Sentence</u>

(5) Grounds raised: <u>The written judgment and commitment order fails to comport with the sentencing transcript in that it fails to state the date of the offense, the amount of drugs involved, and that the sentence was to commence immediately, regardless of the sentence imposed in the local case.</u>

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☒

(7) Result: <u>Not yet decided</u>

(8) Date of result (if you know): <u>N/A</u>

(b) If you filed any second motion, petition, or application, give the same information: N/A

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application? N/A

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** <u>The Plea was Obtained in Violation of Due Process</u> under <u>the Rule Established in Santobello v. New York, 404 U.S. 257 (1971).</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): <u>The plea of guilty was obtained pursuant to a plea agreement providing that the sentencing would be continued until after the trial of any associate involved, which would have given the court discretion to order, or at least recommend, that the federal sentence be made concurrent with the local sentence. However, the local trial was conducted after the federal sentencing, which had the effect of making the federal sentence consecutive as a matter of law.</u>

_____

_____

_____

_____

(b) **Direct Appeal of Ground One:** N/A
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ❑ No ❑
   (2) If you did not raise this issue in your direct appeal, explain why: _____
_____
_____

(c) **Post-Conviction Proceedings:** N/A
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ❑ No ❑
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏  No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏  No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏  No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** The Plea was Obtained in Violation of Due Process under the Rule Established in United States v. Meyers, 451 F.2d 402 (9th Cir. 1972).

(a) **Supporting facts** (Do not argue or cite law. Just state the specific facts that support your claim.): The District Court failed to inform the defendant that it lacked authority to impose the sentence to run concurrently with the pending local charges and warn him that, as a consequence of the plea, the federal sentence might run consecutively to any local sentence imposed. Instead, the court advised that the plea would have no impact on the local charges and led the defendant to believe that the sentence was concurrent because it ordered that upon completion of that trial, regardless of the sentence, that the defendant was to be turned over to the custody of the U.S. Marshal to commence serving the

sentence. This error was made cognizable under 28 U.S.C. § 2255 in <u>United States v. Neely</u>, 38 F.3d 458 (9th Cir. 1994).

**(b) Direct Appeal of Ground Two:** N/A

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐   No ☐

   (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(c) Post-Conviction Proceedings:** N/A

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐   No ☐

   (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ☐   No ☐

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ☐   No ☐

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ☐   No ☐

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

Page 8

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

**GROUND THREE:** The Court Lacked Jurisdiction to Impose the Sentence and the Written Judgment in Plainly Illegal on its Face

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The plea was based on the law both before and after November 1, 1987, because the court stated that it was authorized to impose a maximum of twenty (20) years, a million dollar fine, and three years of supervised release, despite the fact that the date of the offense preceded that date and involved less that 100 grams of heroin, which at that time only authorized a maximum of fifteen (15) years and required special parole. The written judgment ordered a term of supervised release, which is not suthorized for offenses committed prior to November 1, 1987 involving less than 100 grams of heroin.

_____

(b) **Direct Appeal of Ground Three:** N/A

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☐

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:** N/A

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Case 1:89-cr-00104    Document 28    Filed 03/13/2006    Page 7 of 13

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

**GROUND FOUR:** Denial of Effective Assistance of Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Defense counsel failed to object to the errors alleged in Grounds One through Three and/or appeal the judgment on those grounds. The Petitioner was prejudiced by the errors because each required a different result under extant law and there is a reasonable probability that the sentencing court would have imposed a sentence of sixty percent of the maximum (as he did under the erroneous view of the law) if the court had realized that the maximum was fifteen years, rather than twenty.

(b) **Direct Appeal of Ground Four:** N/A

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ❏  No ❏

   (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) **Post-Conviction Proceedings:** N/A

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ❏  No ❏

   (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ❏  No ❏

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ❏  No ❏

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ❏  No ❏

   (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: The grounds were not previously presented, nor any appeal taken because the defendant was of the belief from counsel and the court's statements at the sentencing that the federal sentence was running concurrently with the local sentence.

14. Do you have any motion, petition, or appeal **now pending** (filed and not decided yet) in any court for the judgment you are challenging?  Yes ☒  No ☐
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. District of Guam, CR89-00104, Motion to Vacate Illegal Sentence and Remand for Resentencing pursuant to Fed.R.Crim.P. 35(a). The grounds are the same as in Ground Three above.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing: N/A
    (b) At arraignment and plea: Michael F. Phillips, Suite 215, Union Bank Building, Agana, Guam 96910
    (c) At trial: N/A
    (d) At sentencing: Same as above

(e) On appeal: N/A

(f) In any post-conviction proceeding: N/A

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

   (b) Give the date the other sentence was imposed: _____
   (c) Give the length of the other sentence: _____
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☐

18. **TIMELINESS OF MOTION:** If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* Because the court lacked jurisdiction to impose a twenty (20) year sentence or supervised release and the judgment is illegal on its face due to the fact that the offense occurred prior to November 1, 1987, and involved less than 100 grams of heroin, the sentence is viodable at any time under Fed.R.Crim.P. 35(a). Therefore, the one-year period has not yet accrued until the court rules on that motion and the one-year clock will restart pursuant to the holdings of United States v. LaFrombaise, 427 F.3d 680, 685-86 (9th Cir. 2005). The motion is also timely under 28 U.S.C. § 2255(4) because the Petitioner could not have learned until, at the earliest, August 12, 2005, that the BOP was not going to consider his federal sentence to have been running concurrently with his local sentence, even with the sentencing transcript stating that it was to begin immediately, regardless of the sentence imposed in the local court. See, e.g., United States v. Smith, 101 F.Supp.2d 332, 337 (W.D.Pa. 2000)(agreeing with the government and the petitioner that his section 2255 motion is timely under 28 U.S.C. §2255(4) because the petitioner could not have learned until the administrative remedy process that the BOP did not consider his federal sentence to have been running concurrently with his state sentence).

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: Vacate the judgment so that the defendant may plead anew or modify the existing sentence to be served concurrently with the term of imprisonment imposed by the local Guam Court in 1990 as required by United States v. Neely, 38 F.3d 458, 461 (9th Cir. 1994).

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on March 1, 2006 (month, date, year).

Executed (signed) on March 1, 2006 (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

IN FORMA PAUPERIS DECLARATION
_____
[Insert appropriate court]
* * * * *