
### DISTRICT COURT OF GUAM

### TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 89-00104 |
|       Plaintiff, | |
|       vs. | |
| JOHN MANIBUSAN, | **ORDER** |
|       Defendant. | |

This matter comes before the Court on Defendant John Manibusan's ("Manibusan") "Motion for Clarification of Judgment" filed September 7, 2005.[1] The Court after careful review of the matter grants in part and denies in part Manibusan's motion.

### BACKGROUND

On September 13, 1989, Manibusan waived Indictment and entered a plea of guilty to an Information charging one count of Possession with Intent to Deliver Heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. *See* Waiver, Information and Plea Agreement, Docket Nos. 1, 2 & 3 respectively. This offense was alleged to have occurred "[o]n or about early 1987." *See* Information, Docket No. 2. Manibusan was sentenced on March 16, 1990, and committed to the custody of the United States Attorney General to serve a period of incarceration of twelve (12) years followed by five (5) years of supervised release. *See* Judgment, Docket No. 9. At the time of the plea and sentencing the Court acknowledged that Manibusan's case

---

[1] The Court notes, on March 13, 2006, Manibusan filed: 1) a motion to amend his September 7th filing to state a claim for relief under 28 U.S.C. § 2255; 2) request for appointment of counsel; 3) motion to "Vacate Illegal Sentence and Remand for Resentencing" under FED.R. CRIM. P. 35(a); and a petition for relief pursuant to 28 U.S.C. § 2255. *See* Docket Nos. 27 and 28 respectively.

**ORIGINAL**

predated the effective date of the sentencing guidelines and as such parole would be available to him. *See* Plea Transcript ("Plea") at 15 and Sentencing Transcript ("Sent.") at 4, 23 and 24, Docket No. 18. Manibusan remained in the custody of the local territorial court, the Superior Court of Guam. The U.S. Marshal placed a detainer on Manibusan in order to effectuate his transfer upon completion of his local case.

Manibusan was convicted in his local case after a trial on July 27, 1990, and sentenced on September 20, 1990. Manibusan appealed his sentence in his local case and on January 20, 1995, he was ultimately sentenced to an aggregate of ten (10) years as a result of convictions for Manslaughter, Robbery and Burglary. He was given credit by the Guam Department of Corrections against his local sentence for all the time that he spent in custody from May 20, 1989 through January 20, 1995. He was released from local custody and transferred to federal custody May 19, 1999.

On June 8, 2005, Manibusan made an administrative request to the Bureau of Prisons ("BOP") asking for credit for the time he spent in custody from January 12, 1999, through May 19, 1999. Manibusan also asked to be considered for parole as his sentence was not imposed under the Sentencing Guidelines. Finally, Manibusan asked that the BOP consider running his federal sentence concurrent with his local sentence already served citing to the Court's comments at his sentencing, that "regardless of what the disposition is, even if he were acquitted, he should be turned over to the custody of the U.S. Marshal to serve the sentence imposed by this Court under this case." (*See* Sent. at 25). Manibusan asserted that BOP should consider his parole eligibility as if the Marshal had taken him into custody at the resolution of his local criminal case but before he served the local sentence.

On August 8, 2005 the BOP denied all of Manibusan's requests, relying in part on the Judgment of Conviction where a period of supervised release was imposed and the presentence report which discusses a 1988 offense. Accordingly, the BOP determined that Manibusan was not entitled to parole consideration. Likewise, Manibusan's request for "nunc pro tunc" designation was also denied based on a prior denial of a request for the same relief in January of 2000.

## ANALYSIS

Manibusan in his initial motion claims that he is entitled to 1) an amendment in the judgment to include a more specific statement regarding the date of the offense; and 2) an order that he is entitled to credit against his federal sentence as of the date of its imposition. In his reply brief Manibusan adds a third claim of due process violation in his plea colloquy and conviction pursuant to *U.S. v. Meyers*, 451 F. 2d 402 (9th Cir. 1972) and *U.S. v. Neely*, 38 F. 3d 458 (9th Circuit 1994).

The Government concedes that an amendment of the Judgment to include an accurate reflection of the date of the offense and redaction of the supervised release component is proper. However, the Government asserts that the Court lacks the authority to allow the defendant credit for time served on his local charges or to order the Parole Board to grant Manibusan parole. Further, the Government maintains that under former 18 U.S.C. § 3568 (the controlling law at the time Manibusan was sentenced), the Attorney General and the BOP have the exclusive authority and responsibility for computing sentences, giving credit for time served and making decisions concerning parole and parole eligibility.

*Correction of Judgment Under Rule 36.* In his most recent filings Manibusan now contends that the Court should vacate the judgment pursuant to FED.R.CRIM.P. 35(a) and schedule the matter for resentencing. Rule 35 authorizes the correction of a "sentence," whereas Rule 36 more broadly permits corrections to "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission . . . at any time. . . ." FED.R.CRIM.P. 36. "Clerical mistakes" include errors made by judges as well as ministerial employees. *Blanton v. Anzalone,* 813 F.2d 1574, 1577 (9th Cir.1987) (citing *Korea Exchange Bank v. Hanil Bank, Ltd. (In re Jee )*, 799 F.2d 532, 535 (9th Cir.1986), *cert. denied sub nom. Hanil Bank, Ltd. v. Michelman,* 481 U.S. 1015, 107 S.Ct. 1892 (1987)). The Ninth Circuit Court of Appeals ("Ninth Circuit") has observed the following in the context of "clerical mistakes" made by judges under FED.R.CIV.P. 60(a):[2]

---

[2] The Court's understanding of "clerical mistakes" for the purpose of Rule 36 is provided by caselaw interpreting "clerical mistakes" under FED.R.CIV.P. 60(a). *United States v. Kaye,* 739 F.2d 488, 490-91 (9th Cir.1984).

> The basic distinction between "clerical mistakes" and mistakes
> that cannot be corrected pursuant to Rule 60(a) is that the former
> consist of "blunders in execution" whereas the latter consist of
> instances where the court *changes its mind,* either because it made
> a legal or factual mistake in making its original determination, or
> because on second thought it has decided to exercise its discretion
> in a manner different from the way it was exercised in the original
> determination.

*Blanton v. Anzalone,* 813 F.2d at 1577 n. 2 (quoting *United States v. Griffin,* 782 F.2d 1393, 1397 (7th Cir.1986)) (emphasis in original).

After reviewing the record, it is clear that the Court and counsel for the Government and Manibusan agreed at the time of the plea that the commission of the offense which was the subject of the plea was "before the effective date of the Sentencing Guidelines, hence the provision of the Sentencing Guidelines as promulgated by the United States Sentencing Commission [would] not apply to this case." *See* Plea at 15, Docket No. 18. Prior to imposing its sentence the Court reiterated its belief that the Guidelines were inapplicable to Manibusan's case on two separate occasions.[3] Even after imposing the twelve year sentence followed by supervised release the Court again reiterated "[a]nd it might be worth your while to bear in mind that since the sentence imposed by the court antedates the effective date of the Sentencing Guidelines, parole is still available to you. So it's up to you how to conduct yourself during the term of your incarcerating." [sic]. Sent. 24.

It is apparent on the face of the record and the statements of the Government and Manibusan in their pleadings, that the Court and all parties involved understood that the

---

[3] Relevant portions of the transcript from the defendant's sentencing are as follows:

> . . . The record will show that the defendant is being sentenced under
> the provisions existing before the effective date of the Sentencing
> Guidelines as promulgated by the U.S. Sentencing Commission. . .

Sent. at 4.

> . . . And the record will once again reflect that the sentence being
> imposed antedates the effective date of the Sentencing Guidelines;
> hence the custody that will be mentioned in the sentencing will be
> directed to the Attorney General of the United States . . . .

Sent. at 23.

sentencing guidelines did not apply to Manibusan's case. Further, it is clear from the Court's statements on the record that it was the Court's intent to sentence Manibusan in accordance with the law antedating the guidelines. Amendment of the Judgement under Rule 36 is proper as the Court is merely conforming the Judgement to reflect the intent of the Court as evinced by the record. Accordingly, the Court finds that the paragraph in the judgement of conviction referencing Manibusan being placed on supervised release following his incarceration is an "error" within the meaning of Rule 36 arising from oversight or omission on the part of the Court.[4] Said paragraph shall be stricken from the judgment.

*Amendment Regarding the Date of Offense.* Manibusan also requests that the judgment reflect the date of the offense. The Court finds that in light of the confusion by the Warden regarding Manibusan's eligibility for parole such an amendment is warranted. The record and the judgement is clear that Manibusan entered a plea to and was found guilty of count one of the Information. The sole count of the information alleges the date of offense to be "[o]n or about early 1987." Said date is incorporated into the Judgment by reference. However, the Court finds that it is appropriate to add the words "occurring on or about early 1987, as charged in the sole count of the Information" to the paragraph indicating the nature of the conviction.[5]

*Sentencing Credit.* Manibusan claims that he is entitled to sentencing credit for the time he spent in custody serving his local sentence but before he was received at the federal detention center.

For crimes committed prior to November 1, 1987, 18 U.S.C. § 3568 was the applicable statute governing sentence calculations.[6] *United States v. Chalker,* 915 F.2d 1254, 1256 (9th

---

[4] The Court finds that Manibusan's initial request for amendment of judgment under Rule 36 was proper. Accordingly, Manibusan's subsequent request to "Vacate the Illegal Sentence" and to "Amend" (Docket No. 27) this portion of his motion to a § 2255 petition are moot and will not be considered further.

[5] This paragraph is located on page one of the judgment and currently reads, "THE DEFENDANT IS CONVICTED OF THE OFFENSE(S) OF: POSSESSION WITH INTENT TO DISTRIBUTE HEROIN, in violation of Title 21 United States Code, Section 841(a)(1) and Title 18 United States Code, Section 2."

[6] While § 3568 was repealed with the adoption of the Sentencing Guidelines, it was made applicable to offenses committed before November 1, 1987, and therefore was in effect at the time the Manibusan was sentenced. *See* Comprehensive Crime Control Act of 1984, Pub.L. No. 98473, §§ 212; 235, 98 Stat.1976, 1987; 2031 (1984).

5

Cir.1990). Under section 3568, "the sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the [place of incarceration]." 18 U.S.C. § 3568. "[I]t [was] the Attorney General, the Department of Justice, and the Bureau of Prisons, not the courts, which [had] the responsibility of computing sentences and giving credit for time previously served." *United States v. Berry,* 814 F.2d 1406, 1411 (9th Cir.1987). Prisoners could receive "credit toward federal sentences for the days spent in custody in connection with the offense for which the federal sentence [was] imposed prior to the actual imposition of sentence." *Raines v. U.S. Parole Com'n,* 829 F.2d 840 (9th Cir.1987); *see also* Bureau of Prisons Program Statement 5880.24, 5(b)(2-3) and 5(c)(1)(b) ("Program Statement").

As used in § 3568, the term "offense" means any criminal offense which is in violation of an Act of Congress and is triable in any court established by Act of Congress. 18 U.S.C. § 3568. The Ninth Circuit has recognized that, under § 3568, a federal prisoner's term "may not begin to run until he is received by federal authorities." *United States v. Myers,* 451 F.2d 402, 405 (9th Cir.1972). Further, the Ninth Circuit, in reversing a district court's order, stated that it was "invalid because, by crediting time spent in state custody, it effectively began [the prisoner's] sentence before he was delivered to federal authorities. This violates 18 U.S.C. § 3568." *United States v. Warren,* 610 F.2d 680, 685 n. 9 (9th Cir.1980). Likewise, in *Raines,* the Ninth Circuit in response to a prisoner's contention that he was entitled to credit towards his federal parole sentence for time spent in Oregon state prison, the Court stated "there is no statutory provision that accords a prisoner credit against a federal sentence for time served in a state prison on a state charge." *Raines,* 829 F. 2d at 843.

As the Ninth Circuit noted in *Raines,* § 3568 provides that the Attorney General shall award credit for time served only when the prior period of custody was "in connection with" an offense--which, by the statute's very terms, is limited to federal offenses. Manibusan's prior incarceration in the Guam prison, resulting as it did from local charges of Manslaughter, Robbery and Burglary, were not in connection with the federal offense involving narcotics. Accordingly, Manibusan's request for sentencing credit is DENIED.

///

*Validity of Manibusan's Plea.* Manibusan also claims that his plea was not knowingly and voluntarily made because the Court failed to inform him that the Court "lacked the authority to impose a sentence to be served concurrently with his state sentence." *See* Manibusan's Reply Brief ("Reply") at 9, Docket No. 26. Manibusan's claim in this regard is not properly brought before the Court in his motion pursuant to FED.R.CRIM.P. 35(a) and 36.

FED.R.CRIM.P. 35 presupposes a valid conviction. *Gilinsky v. United States,* 335 F.2d 914, 916 (9th Cir.1964). Manibusan cannot seek to withdraw his guilty plea by bringing a Rule 35 motion. *See United States v. Willis,* 804 F.2d 961, 964 (6th Cir.1986). However, since Manibusan seeks to attack the *basis* for his conviction, he may bring this claim pursuant to 28 U.S.C. § 2255. *United States v. Brown,* 413 F.2d 878, 879 (9th Cir.1969), *cert. denied,* 397 U.S. 947, 90 S.Ct. 965. 28 U.S.C. § 2255 allows persons in federal custody to collaterally challenge the constitutionality, legality or jurisdictional basis of the sentence imposed by a Court.[7] *See, United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct. 2235, 2240 (1979). Accordingly, Manibusan's request for relief in this regard pursuant to Rule 35 and 36 are DENIED.[8]

## CONCLUSION

After conducting a complete review of the record, the Court finds that an amendment to the Judgment of Conviction redacting the language regarding "supervised release" and adding the language concerning the date of commission of the offense is warranted. Manibusan's motion in this regard is GRANTED. The Court also acknowledges that its decision makes

---

[7] The statute states, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

[8] The Court acknowledges that Manibusan has already filed a petition for §2255 relief and request for appointment of counsel for purposes of litigating his petition. These requests will be considered by the Court at a later date after the matter has been briefed by the parties.

1  Manibusan immediately eligible for consideration of parole.[9]  Based on the foregoing

2  reasoning, Manibusan's remaining requests for relief[10] are DENIED.

4      **IT IS SO ORDERED** this 3 day of April, 2006.

8                    ROGER T. BENITEZ
                   **United States District Judge**

---

22     [9] Under former 18 U.S.C. § 4205, Manibusan was eligible for parole consideration after serving
23  one-third of his sentence (four years).  As of May 19, 2006, Manibusan has been in federal custody for
    seven years.

24     [10] These claims are enumerated as follows: 1) Request for sentence credit (contained in original
25  "Motion for Clarification"), Docket No. 19; 2) Defect in plea colloquy rendering Manibusan's conviction
    invalid (see Manibusan's Reply Brief 8-12, Docket No. 26); 3) motion to amend Manibusan's September
26  7th filing to state a claim for relief under 28 U.S.C. § 2255, Docket No. 27; and 4) motion to "Vacate
27  Illegal Sentence and Remand for Resentencing" under FED. R. CRIM. P. 35(a), Docket No. 27.

28     * The Honorable Roger T. Benitez, United States District Judge for Southern California, by
    designation.