

FILED
DISTRICT COURT OF GUAM
JUL 24 2006
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JOHN MANIBUSAN,<br><br>　　　　Defendant. | Criminal Case No.　89-00104<br>Civil Case No.　　06-00006<br><br><br><br>**ORDER** |

On April 3, 2006, the Court granted in part and denied in part petitioner John Manibusan's ("Manibusan") "Motion for Clarification of Judgment."[1] The Court acknowledged at that time that Manibusan had already filed a petition for §2255 relief and request for appointment of counsel for purposes of litigating his petition. These matters were deferred by the Court to be considered at a later date. *See* Order at note 8, Docket No. 30.

The Government shall have until August 22, 2006, to file a response to Manibusan's petition. If a response is received, Manibusan shall have until September 15, 2006 in which to file a reply. If the Court finds that a hearing is necessary on Manibusan's motion, then one shall be set at a later date.

Lastly, Manibusan filed a Motion for Appointment of Counsel. The Sixth Amendment right to counsel does not apply to collateral review of a conviction and the Court need not

---

[1] The Court notes, on March 13, 2006, just prior to the Court issuing its decision, Manibusan filed: 1) request for appointment of counsel and 2) a petition for relief pursuant to 28 U.S.C. § 2255. *See* Docket Nos. 27 and 28 respectively.

**ORIGINAL**

appoint counsel for an indigent petitioner when an evidentiary hearing is not required. *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990). The district court has wide discretion in deciding whether to appoint counsel for habeas corpus petitioners. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987). When a habeas corpus petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions, counsel is not legally required. *LaMere*, 827 F.2d at 626.

Manibusan has demonstrated a good understanding of the issues. Throughout he has displayed a familiarity with the tests required to establish ineffective assistance of counsel and has filed lengthy and well-researched briefs in the past. Manibusan also has presented his contentions forcefully and coherently. Manibusan has failed to show nor does the Court find that the "interests of justice" require that Manibusan be appointed counsel at this time. *See* 18 U.S.C. § 3006A(a)(2). Should the Court find an evidentiary hearing is necessary, the Court will appoint counsel at that time. Accordingly, Manibusan's motion for court appointed counsel is DENIED.

**IT IS SO ORDERED** this 24 day of July, 2006.

James Ware
United States District Judge

---

* The Honorable James Ware, United States District Judge for Northern California, by designation.