IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF GUAM

**FILED**

DISTRICT COURT OF GUAM

OCT - 6 2006

**MARY L.M. MORAN**
**CLERK OF COURT**

JOHN G. MANIBUSAN,

    Defendant-Petitioner,

vs.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.

CRIMINAL CASE NO. 89-00104

PETITIONER'S TRAVERSE TO
GOVERNMENT'S RESPONSE

The Petitioner, John G. Manibusan, respectfully files this traverse to the government's response, to object to a number of government misrepresentations and misleading arguments contained in the government's response to Petitioner's § 2255 motion.

Petitioner contends that he does not know the legal format and/or language for filing motions or responses, and is without the aid of the inmate who helped him to file the initial § 2255 brief due to his placement in the SHU, Special Housing Unit, under investigation. However, Petitioner will do his best to respond to the government's false contentions contained in their response.

Petitioner's first objection is to the government's claim that he was transferred to a federal penitentiary on April 21, 1999. That is false. Petitioner contends that he was transferred to the newly opened federal detention facility (F.D.F.) on January 11, 1999 to continue his federal sentence.

Secondly, Petitioner contends that the government's claim that he should have known that his federal sentence was going to run

consecutive to the local charges because of the federal detainer that
was lodged against him is without merit. Petitioner alleges that the
detainer in question was lodged against him, not for the purpose
stated by the government, but to ensure that in case Petitioner was
given bail in the local proceeding and/or was found not guilty on the
local charges, Petitioner would still be held in custody. The
government also claims that Petitioner should have known that his
federal sentence was running consecutively to his local charge because
he was transferred to F.D.F. and did not initiate any action to contest
his sentence. Again, to Petitioner's understanding, he was ordered
to start serving his federal sentence after his local trial. See
sentencing hearing transcript, pg. 24 lines 13-25; and pg. 25 line
1-4, 10-13. Due to the advice given by the sentencing judge, Petitioner
was under the impression that his time was running as judge Dvenas had
ordered it to run. Petitioner did not and could not have known that
his time was not running consecutively until he was told he had no
parole because he was under the new law, which occurred while he was
in F.C.I. Talladega, AL, after which petitioner quickly sought his
sentencing transcripts and started to contest his sentence. Petitioner
contends that his federal sentence started to run when judge dvenas
ordered it to start and that Petitioner could not have logically
known otherwise until he was violated. Wherefore Petitioner's one year
time period for filing an objection could not have logically began to
run until he has was aware of the violation.

Finally, the government agrees that the court <u>did</u> <u>violate</u> Federal
Rules of Criminal Procedure 11. Petitioner contends that had he been

2

properly advised of his rights under Federal Rule of Criminal Procedure 11, he would not have pleaded guilty. Petitioner could not allege any wrongdoing because he was not properly advised as to when his federal time would start to run after his local trial regardless of the outcome of said trial.

Dated: September **14**, 2006.                    Respectfully Submitted

<br>

John G. Manibusan

# IN THE DISTRICT COURT OF GUAM

## TERRITORY OF GUAM

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | COURT OF APPEALS |
| ) | **CASE NO.** |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. CR89-00104 |
| ) | |
| JOHN G. MANIBUSAN, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

TRANSCRIPT OF PROCEEDINGS

BEFORE

THE HONORABLE CRISTOBAL C. DUENAS

Senior District Judge

**SENTENCING HEARING**

**FRIDAY, MARCH 16, 1990**

Wanda M. Miles, Official Court Reporter
District Court of Guam
520 W. Soledad Avenue, Hagatna, Guam 96910

```
 1    APPEARANCES:

 2

 3    FOR THE PLAINTIFF:

 4    UNITED STATES ATTORNEY
      BY:  FREDERICK A. BLACK, Esq.
 5    Assistant United States Attorney
      Fifth Floor, PDN Building
 6    238 Archbishop Flores Street
      Agana, Guam  96910
 7

 8

 9    FOR THE DEFENDANT:

10    MICHAEL F. PHILLIPS, ESQ.
      Attorney at Law
11    Suite 215, Union Bank Building
      Agana, Guam  96910
12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  original sentence, but it is in addition to the

2  sentence of 12 years.  You understand that?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  And it might be worth your while

5  to bear in mind that since the sentence imposed by the

6  court antedates the effective date of the Sentencing

7  Guidelines, parole is still available to you.  So it's

8  up to you how to conduct yourself during the term of

9  your incarcerating.

10         The defendant will be returned to the custody

11 of the local authorities because he's now being tried

12 for a local criminal matter.  But ensuing the

13 commencement of that -- I mean ensuing the completion

14 of that case, once it reaches its finality, regardless

15 of what the sentence is, the defendant will be turned

16 over to the custody of the U.S. Marshal to commence the

17 serving of his sentence.  And should he be convicted, I

18 don't know what the sentence of the Superior Court is,

19 they might say that the sentence imposed by the court

20 should run concurrent with this sentence, or they might

21 decide that he will serve his sentence upon the

22 conclusion of his sentence in this court, so it will be

23 up to the local authorities.

24         But you will return to the local authorities

25 for the purpose of going through his trial, and once

1    that trial is completed regardless of what the

2    disposition is, even if he were acquitted, he should be

3    turned over to the custody of the U.S. Marshal to serve

4    the sentence imposed by this court under this case.

5         Any questions?

6         MR. PHILLIPS:  No, Your Honor.

7         THE DEFENDANT:  No.

8         THE COURT:  You will now be turned over to the

9    custody of the local authorities for the purpose of

10   standing trial.  But bear in mind that you will be

11   turned over to the custody of the U.S. Marshal upon the

12   completion of that criminal trial, regardless of what

13   the outcome is.

14        Court will stand in recess.

15        MR. PHILLIPS:  Thank you, Your Honor.

16        (Proceedings concluded at 3:26 p.m.)

17                      *  *  *

18

19

20

21

22

23

24

25

```
1                    CERTIFICATE OF REPORTER
2    ─────────────────────────────────────────────────────

3    CITY OF AGANA        )
                          )  ss.
4    TERRITORY OF GUAM    )

5

6         I, Wanda M. Miles, Official Court Reporter

7    of the District Court of Guam, do hereby certify the

8    foregoing pages 1-25, inclusive, to be a true and

9    correct transcript of the shorthand notes taken by me

10   of the within-entitled proceedings, at the date and

11   time therein set forth.

12        Dated this 11th day of April, 2005.

13

14                    Wanda M. Miles

15

16

17

18

19

20

21

22

23

24

25
```

Wanda M. Miles, Official Court Reporter
District Court of Guam