**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF GUAM**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. 89-00104-001 |
| Plaintiff, | ) | |
| | ) | **SPECIAL REPORT** |
| vs. | ) | |
| JOHN G. MANIBUSAN | ) | |
| Defendant. | ) | |

**Re: Response to Defendant's Request to Transfer Supervision from Guam to Hawaii**

On March 16, 1990, John Gokita Manibusan was sentenced in the District Court of Guam to an imprisonment term of twelve years to be followed by a supervised release term of five years for Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On March 13, 2006, Mr. Manibusan filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, a Motion to Amend and Motion for Appointment of Counsel, and a Motion to Vacate Illegal Sentence and Remand for Resentencing. On April 3, 2006, the District Court granted Mr. Manibusan's motion that the judgment be amended to redact the language regarding supervised release making him eligible for consideration of parole, but denied the other requests for relief as stated in his motions. As a result, Mr. Manibusan's judgment was amended on April 12, 2006.

On April 3, 2007, Mr. Manibusan submitted a letter to the District Court of Guam requesting that his presentence report be amended to reflect a recommendation that he be authorized to relocate to the District of Hawaii. Attached to Mr. Manibusan's letter was a letter from Mr. Kenton Tom, Mr. Manibusan's employer, in Honolulu, Hawaii. Mr. Manibusan's projected parole date is June 1, 2007, and he is currently serving his pre-release term at the Mahoney Hale Halfway House in Honolulu, Hawaii.

SPECIAL REPORT
Response to Defendant's Request to Transfer Supervision from Guam to Hawaii
Re:    MANIBUSAN, John G.
USDC Cr. Cs. No. 89-00104-001
May 8, 2007
Page 2

Relocation to a district that does not have jurisdiction of the case is an administrative process between the Federal Bureau of Prisons (BOP) and the U.S. Probation Office. The BOP case manager and an inmate formulate a supervised release plan or pre-release plan, which identifies a person and a residential address, to which the inmate proposes to be released, along with prospective employment, if available. This plan is submitted to the U.S. Probation Office of the district for relocation for investigation. If the plan is determined to be suitable, then supervision of the inmate is accepted. If the plan is deemed unsuitable, then the Probation Office may deny acceptance of supervision, and the inmate returns to the sentencing district for supervision.

Contact was made with Mr. Manibusan's case manager, Mr. Leonard McGee, at Mahoney Hale Halfway House. According to Mr. McGee, although Mr. Manibusan is employed, which is a requirement of pre-release, he has no ties to the District of Hawaii to request a relocation. In addition, a review of Mr. Manibusan's case file reveals that he has a three year special parole term to be served upon release from imprisonment for Superior Court of Guam Criminal Case No. CF145-89 in which he was convicted and sentenced for Two Counts of Manslaughter (As a First Degree Felony), One Count of Armed Robbery (As a Second Degree Felony), and One Count of Burglary (As a Second Degree Felony). This has been verified by the Department of Corrections.

In light of the above information, John Manibusan's request for relocation to the District of Hawaii is inappropriate.

RESPECTFULLY submitted this 9<u>th</u> day of May 2007.

                                          FRANK MICHAEL CRUZ
                                          Chief U.S. Probation Officer

By:     /s/ ROSSANNA VILLAGOMEZ-AGUON
                                          U.S. Probation Officer

Reviewed by:

 /s/ FRANK MICHAEL CRUZ
     Chief U.S. Probation Officer

cc:    AUSA
       Defense Counsel
       File